**SEMET–SOLVAY DIVISION OF ALLIED CHEMICAL CORPORATION, Appellant,**

v.

**WORKMEN'S COMPENSATION BOARD et al., Appellees.**

**SEMET–SOLVAY DIVISION OF ALLIED CHEMICAL CORPORATION et al., Appellants,**

v.

**WORKMEN'S COMPENSATION BOARD et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 21, 1966.

Rehearing Denied Feb. 3, 1967.

H. Rupert Wilhoit, Wilhoit & Wilhoit, Grayson, for appellants.

C. B. Creech, Ashland, Paul D. Rehm, Versailles, for appellees.

CULLEN, Commissioner.

The Workmen's Compensation Board dismissed Walter Robinson's claim for workmen's compensation, finding as a fact that Robinson "did not suffer a traumatic injury by accident arising out of and in the course of his employment * * * on or about April 16, 1964." On appeal, the circuit court entered judgment reversing the board and directing that an award be granted for total permanent disability. An appeal was taken to this court from that judgment and is now before us. Pending this appeal the board, on Robinson's motion, made an award in accordance with the circuit court judgment. The employer appealed that award to the circuit court, which entered judgment dismissing the appeal. We have an appeal here from that judgment also.

Taking up first the second judgment, we think it is clear that the board had no jurisdiction to take any steps in the case while the appeal was pending. See Jerry's Drive In, Inc. v. Young, Ky., 335 S.W.2d 323. Its award was a nullity and

the circuit court should so have adjudged on the appeal from it. The second judgment therefore was erroneous.

 It is our opinion that the first judgment also was erroneous, on the merits. Since the board had found *against* the claimant, who had the burden of proof and the "risk of not persuading the Board in his favor," the only issue before the circuit court was whether the claimant's proof was so strong as to *compel* a finding in his favor—so persuasive that it was clearly unreasonable for the board not to be convinced by it. The fact that the claimant's evidence was positive whereas the defensive evidence was merely negative in character is not a controlling consideration. That such is the law was firmly established in Lee v. International Harvester Company, Ky., 373 S.W. 2d 418, and reaffirmed in Thompson v. Mayflower Coal Co., Ky., 379 S.W.2d 459, and Akers v. United Carbon Gas Co., Ky., 386 S.W.2d 957.

The claimant's evidence in the instant case was not so strong and persuasive as to require a finding in his favor. His claim was that he injured his back while lifting some heavy bricks in the course of his employment on April 16, 1964. He so testified. He further testified that he reported the accident to his foreman. He undertook to furnish corroboration by two fellow employes, one of whom testified that Robinson had *told* him on April 16 that he had "hurt hisself," and the other of whom testified that he was present when Robinson reported the accident to the foreman. However, the foreman denied that any report of accident was made to him.

Robinson's doctor testified that Robinson's back condition was attributable to an injury occurring on April 16, 1964, reported to him by Robinson. But the doctor testified that when Robinson came to him on April *17* he said nothing about any accident's having occurred on the previous day (it was at a later time that Robinson first told the doctor of an April 16 accident), and that he was "still" complaining of pain in his back for which he had visited the doctor on April *6*. On the April 6 visit Robinson had attributed his pain to an old injury of 1958. The doctor's report covering the April 6 visit stated that Robinson then was unable to work from his back condition. Robinson testified that on the April 6 visit he was complaining only of pain in his leg, but that is not what the doctor's report says.

 We think that the conflicts and inconsistencies in the evidence were such that it was clearly reasonable for the board not to be convinced of the truth of the claim. Even if it be considered that the medical evidence was convincing that Robinson had sustained an injury *somewhere* on April 16, the evidence was not convincing that he sustained it in his employment. His credibility was placed in question by the foreman's denial of his testimony that he reported the accident to the foreman; also by the fact that on his visit to the doctor on April 17 he said nothing about any accident's having occurred on the previous day but seemed to be continuing his complaint of an old injury. Other minor inconsistencies which we need not detail also cast some doubt on the validity of the claim.

Both judgments are reversed with directions to enter judgment upholding the original order of the board dismissing the claim.