James David **KAVANAUGH**, Appellant,

v.

**ATLAS TACK CORPORATION, etc.,**
**Appellees.**

Court of Appeals of Kentucky.

Oct. 4, 1968.

L. B. Lawton, Henderson, for appellant.

William M. Deep, Ronald Sheffer, King, Deep, Branaman & Hunt, Henderson, for appellees.

HILL, Judge.

The question here is whether the evidence before the Workmen's Compensation Board was so positive and persuasive as to require a finding by the Board that the appellant's claimed injury arose out of and in the course of his employment. The Board found it did not, and on appeal to the circuit court the finding and order of the Board were affirmed.

Appellant, a 26-year-old father, had been working 8 years for the appellee, a self-insured company, when, as he claims, on October 14, 1965, he received a back injury while lifting 100-pound kegs of nails or tacks. He filed application for a hearing on May 5, 1966.

Appellant testified he immediately went to the first aid lady, who was also his aunt, and reported his injury. He also testified he promptly reported his injury to Isaac J. Knight, his union steward, who advised him to report the injury to the first aid lady and to his foreman, Charles F. Carroll. Knight testified that appellant later told him he had reported the injury as instructed.

Mrs. Lucille Phillips, the first aid lady, testified that she recalled appellant's reporting an injury to her but could not recall the date except that she thought it was in the year 1965. She said she asked appellant if he had reported it to his foreman, but she did not say what answer appellant gave her.

Isaac Knight testified he talked with appellant about the injury and advised appellant that he should report the accident to his foreman and was told by appellant that he had already done so.

Charles F. Carroll, company foreman, denied that appellant reported an injury to him, although appellant points out that Carroll received a promotion near the time of the giving of his testimony and that after he testified he met appellant and evidenced some regret, remorse of conscience, sympathy, or "inward shame" by shedding some tears.

It was the custom for the first aid lady to write reported injuries upon slips of paper and to pass them on to the main office where they were recorded. She did not recall doing so in this case.

Dr. Elmer J. Rodenberg testified he treated appellant on October 13, 1962, for a back injury appellant reported to him as having been received in October 1962, which was three years before the injury about which he complains in this proceeding.

Dr. James E. Murray testified he treated appellant off and on between February 1961 and August 1963.

Dr. John S. Newman, appellant's treating physician, testified he did not see appellant to treat him until November 13, 1965, and then for "a cold," although he went on to say that on January 25, 1966, appellant reported pain in his leg and hip to him.

Mrs. Elizabeth S. Curd, general manager of Atlas, testified that the company had no notice of appellant's injury until May 3, 1966, when a copy of the application for hearing was received.

Alson E. Tharp, another foreman for Atlas, testified he was never notified of and had no knowledge of appellant's having received an injury in October 1965 until May 1966, although he saw appellant daily; that he visited appellant while the latter was in the Methodist Hospital at Henderson and that appellant made no mention of a work-connected injury.

Mrs. Irene Bishop, office manager for Atlas, testified there was no report of an injury in October 1965 but that appellant did report a back injury of October 11, 1962.

Without expressing an opinion as to which side has the better evidence, we conclude that the issue as to whether appellant received an injury on October 14, 1965, was sharply drawn and supported on both sides by competent evidence. The resolution of that question therefore was for the Workmen's Compensation Board. It was written in Semet-Solvay Div. of A. C. Corp. v. Workmen's Comp. Bd., Ky., 410 S.W.2d 405, 407 (1966), that:

"Since the board had found *against* the claimant, who had the burden of proof and the 'risk of not persuading the Board in his favor,' the only issue before the circuit court was whether the claimant's proof was so strong as to *compel* a finding in his favor—so persuasive that it was clearly unreasonable for the board not to be convinced by it. The fact that the claimant's evidence was positive whereas the defensive evidence was merely negative in character is not a controlling consideration. That such is the law was firmly established in Lee v. International Harvester Company, Ky., 373 S.W.2d 418, and reaffirmed in Thompson v. Mayflower Coal Co., Ky., 379 S.W.2d 459, and Akers v. United Carbon Gas Co., Ky., 386 S.W.2d 957."

The judgment is affirmed.

All concur.