Lena P. HAGER, Appellant

v.

James Roger OVER, Appellee.

Court of Appeals of Kentucky.

May 15, 1970.

Hatcher & Lewis, Elizabethtown, for appellant.

Huddleston & VanZant, Elizabethtown, for appellee.

CULLEN, Commissioner.

Mrs. Lena P. Hager sued James Roger Over to recover damages for personal injuries which she alleged she had sustained in a collision between her automobile and Over's. The jury found both parties to be at fault and awarded no recovery to Mrs. Hager. Her complaint accordingly was dismissed. She has appealed from the judgment of dismissal, asserting as her primary contention that she was entitled to a directed verdict in her favor on the question of liability.

The accident occurred around 6 p. m. on a day in October. Mrs. Hager was proceeding east on an east-west blacktopped road which had no marked center-line. Over was approaching this road from the north on another road which fed into the east-west road in a sweeping east-to-west curve, such that the intersection was substantially a "Y". Mrs. Hager was intending to continue east on the road she was on (taking the right fork of the Y), and Over was intending to go west on that road (on the leg of the Y). The two automobiles collided at the point of the intersection, their left front portions coming together.

The issue of liability was joined on the single question of which car was on the wrong side of the east-west road. Mrs. Hager maintains that the evidence showed conclusively that she was on the right side, wherefore Over must have been on the wrong side. The difficulty is that the evidence is not all that clear.

Mrs. Hager testified on direct examination that at the moment of collision her car was "about" one foot to the right of the center of the road (which did not have a marked center-line), but it appeared that she based this statement on a view of the scene she had made several months after the accident. On cross-examination she admitted having testified in a deposition that the accident occurred "in the center of the road" or that her car was "approximately in the middle of the road. We both were." Also that the cars were "just about in the middle when they collided. He had about half the road and I had about half of it."

Over simply said he did not know where Mrs. Hager's car was "in relation to the center of the road" as she *approached* the point of accident, but that the collision occurred "in the center of the road."

The investigating policeman testified that Mrs. Hager's car left 24 feet of skid marks which "started from about the center of the road and went toward the right side of the road as she approached the point of impact." That at the point of impact Mrs. Hager's car "would have been

near the center of the road" but that "I would have to testify Mrs. Hager's car was on her side of the road." However, when asked to place cross-marks on photographs of the scene of the accident, indicating the point of impact, he placed the marks almost directly in the center of the road.

Mrs. Hager of course had the burden of proving negligence on Over's part, which in this case meant proving that Over was on the wrong side of the road. She chose to attempt to sustain that burden by proving that she was on the right side, from which there would be an inference that Over was on the wrong side. She would be entitled to a directed verdict only if the evidence on her behalf was so strong as to compel a finding in her favor—so persuasive that it would be clearly unreasonable for the fact-finder not to be convinced by it. See Lee v. International Harvester Company, Ky., 373 S.W.2d 418; Semet-Solvay Div. of A. C. Corp. v. Workmen's Comp. Bd., Ky., 410 S.W.2d 405. In our opinion her evidence was not that strong or persuasive.

The evidence consisted of after-the-fact estimates of positions with reference to an unmarked center-line, and even the most favorable estimates for Mrs. Hager put her car only slightly to the right of that line. The evidence, including that of the police officer, was equivocal and qualified. Although parts of the evidence were sufficient to warrant a finding that Mrs. Hager's car was on the right side, the evidence as a whole was such that the jury was not required to believe those parts. The evidence left the jury with a reasonable choice whether to find that Mrs. Hager's car was on the right side. So we conclude that Mrs. Hager was not entitled to a directed verdict.

Mrs. Hager argues as an alternate proposition that she is entitled to a new trial because the trial court refused to permit the introduction in evidence of a diagram which the police officer had pre-pared at the time he investigated the accident, which diagram tended to indicate that Mrs. Hager's skid marks were in a straight line and did not veer from left to right, which was somewhat contradictory of the officer's testimony on the trial. Mrs. Hager's attorney was permitted to question the officer fully with reference to the diagram, and the officer said that the diagram "would be more accurate if I had shown her car a little more to the center of the road at the beginning of the skid." The diagram was small, did not purport to be drawn to exact measurements, did not show a centerline, and upon our examination of it appeared to indicate that the skid marks did veer some from left to right. Under these circumstances we are unable to find any prejudice to have resulted from the refusal to admit the diagram in evidence.

The judgment is affirmed.

EDWARD P. HILL, Jr., C. J., and MILLIKEN, OSBORNE, PALMORE, REED and STEINFELD, JJ., concur.

NEIKIRK, J., not sitting.