**Cynthia Mae CROUCHER, Appellant,**

v.

**EASTERN KENTUCKY UNIVERSITY and Workmen's Compensation Board, Appellees.**

Court of Appeals of Kentucky.

Jan. 29, 1971.

Steve Robbins, Richmond, for appellant.

Frank Reaves, Jr., Brown, Sledd & McCann, Lexington, J. Keller Whitaker, Workmen's Compensation Board, Frankfort, for appellees.

CULLEN, Commissioner.

Cynthia Mae Croucher's claim for workmen's compensation for disability resulting from an accident alleged by her to have occurred in the course of her employment as a cafeteria worker for Eastern Kentucky University was denied by the Workmen's Compensation Board on the ground that she had failed to sustain the burden of proof that the alleged accident did occur. On her appeal to the circuit court judgment was entered affirming the board's order. Mrs. Croucher has appealed to this court from that judgment.

The appellant makes two contentions. The first is that her evidence of the occurrence of the accident was so strong and convincing that it was unreasonable for the board to find against her. The second is that the statement in the "Employer's First Report of Injury" (filed by Eastern Kentucky University as required by KRS 342.-330) that Mrs. Croucher "Hurt back" while "Carrying dishes" on an unstated day at an unstated hour constituted a *judicial admission* that the accident had occurred as claimed by Mrs. Croucher.

With respect to the first contention it is sufficient to say that Mrs. Croucher was the only witness to testify that the accident occurred; the three fellow employes who she said were present and witnessed the accident or heard her exclamation of pain testified that they saw no accident and heard no exclamation; the evidence for Mrs. Croucher was rife with conflicts and inconsistencies; and there was evidence that the back condition of which Mrs. Croucher complained predated the alleged accident and was the result of Mrs. Croucher's having fallen into a ditch at her home. Under these circumstances it clearly was *not* unreasonable for the board not to be convinced of the truth of the claim. Semet-Solvay Div. of A. C. Corp. v. Workmen's Compensation Board, Ky., 410 S.W.2d 405.

We find no merit at all in the second contention. In the first place, the statements in the "Report of Injury" were simply a repetition of Mrs. Croucher's version of an alleged accident; they did not purport to be an independent, binding rep-

resentation by the employer, to the board, of the facts of the case. In the second place, the report as required by the statute appears to have only the purpose of supplying the board with *statistical* information, because the requirement of making the report is not related to the filing or prosecution of a *claim* for compensation. In the third place, a judicial admission is a formal act *done in the course of a judicial proceeding.* Arnett v. Thompson, Ky., 433 S.W.2d 109. Probably a workmen's compensation claim proceeding can be considered a judicial proceeding for the purpose of the judicial admission rule, but the report in question was not made in the course of the claim proceeding, wherefore it could not be a judicial admission.

The judgment is affirmed.

All concur.