James W. WILLS, Sr., Appellant,

v.

SCHENLEY DISTILLERS, d/b/a James E.
Pepper Company et al., Appellees.

Court of Appeals of Kentucky.

March 19, 1971.

John C. Anggelis, John W. Collis, Anggelis & Vimont, Lexington, for appellant.

Joseph L. Arnold, Nolan Carter, Jr., Allen, Duncan & Arnold, Lexington, for appellee Schenley Distillers, d/b/a James E. Pepper Co.

J. Keller Whitaker, Department of Labor, Frankfort, for Workmen's Compensation Board.

Thomas R. Emerson, Versailles, Gemma M. Harding, Louisville, Martin Glazer, Department of Labor, Frankfort, and Thomas O'Shaughnessy, Versailles, for Special Fund.

VANCE, Commissioner.

The appellant, James W. Wills, Sr., claimed to have suffered a heart attack as a result of the work in which he was engaged. The Workmen's Compensation Board denied his claim for compensation and the board's order was affirmed by the circuit court. The appellant, on this appeal, contends that the order of the Workmen's Compensation Board is clearly erroneous on the basis of the reliable and material evidence in the record.

The appellant was a fireman's helper at Schenley Distillers and his duties consisted of cleaning boilers, unloading coal and shoveling ashes. On March 30, 1967, while using a ten-pound sledge hammer, he suffered pain in his chest and arms and became dizzy. He rested for approximately thirty minutes and then finished his shift of work. He did not return to work and on Monday, April 3rd he was admitted to the Central Baptist Hospital in Lexington, Kentucky, again suffering from severe chest pains. His attending physician, Doctor W. L. Heizer, Jr., diagnosed his condition as a coronary occlusion and testified that the physical exertion in which he was engaged, *could definitely make him more likely to have had the acute heart attack.* Doctor Claude M. Bays, a general practitioner in Lexington, Kentucky, to whom appellant was referred, testified that the electrocardiograms taken at Central Baptist Hospital were borderline and they alone did not show specific indications of myocardial infarction. Doctor Bays was of the opinion, however, based upon the history given to him by appellant and from other findings while he was hospitalized, that the appellant had suffered an acute myocardial infarction.

With respect to the question of whether or not it was caused by the employment he stated that in his opinion *it could have been precipitated.*

Doctor Robert B. Simons testified for the employer. He expressed the opinion that the appellant had been in low-grade heart failure for some time but that he had not sustained an acute coronary occlusion or myocardial infarction. He further expressed the opinion that the type of work

that appellant was doing had nothing to do with his ultimate attack.

Upon motion the Special Fund was made a party to this proceeding and Doctor F. Albert Olash, a specialist in internal medicine and cardiology, was appointed by the board pursuant to KRS 342.121. He reported that he performed an electrocardiogram which was found to be within normal limits and showed no residual of previous myocardial infarction. He also examined the previous electrocardiogram and could not determine from it the presence of significant myocardial infarction injury. He reported that he could find no evidence of any disability to the plaintiff's body as a whole as a result of injury on April 3, 1967. He expressed the opinion that appellant is disabled on the basis of anxiety and tension and chronic tracheobronchitis. He stated:

*"I do not believe that this is associated with any work-connected injury."*

In its opinion and order the board recited that the present case is different from the usual heart attack cases because of the existence of a serious medical question as to whether appellant actually sustained a heart attack either at work or after he went home. The board found that appellant failed in his burden of proving he sustained a heart attack caused or contributed to by a work-related event.

Although appellant phrases the question in terms of whether the order which denied compensation is clearly erroneous, the real question is whether the evidence was such as to compel a finding in his favor and so strong that it would be clearly unreasonable for the board not to be persuaded by it. Semet-Solvey Div. of A. C. Corp. v. Workmen's Compensation Board, Ky., 410 S.W.2d 405 (1966).

The medical evidence raises a question at least as to whether appellant actually suffered a heart attack but it raises an even greater question as to whether any condition of his employment contributed to it. The two doctors who testified for appellant indicated only the possibility of a work-connection. They both said *his heart condition could have been precipitated by the work he was doing.*

As opposed to this was the medical opinion of two other competent medical authorities that there was no association between appellant's illness and the work which he was doing.

In Hudson v. Owens, Ky., 439 S.W.2d 565 (1969) we held that the issue of causation in heart attack cases was not to be determined or controlled upon the basis of medical evidence alone but rather upon the basis of all relevant evidence. We said:

"The determination made by the board of this issue of causation on all relevant evidence, including the medical evidence, may then be tested in accordance with our accepted principles of judicial review which are plainly expressed in our compensation law and which this court has consistently followed. The claimant has the burden of proof and the risk of persuading the board in his favor. If the board finds against the claimant, the proper issue, so far as factual findings are concerned on judicial review, is whether the claimant's proof was so strong as to *compel* a finding in his favor—so persuasive that it was clearly unreasonable for the board not to be convinced by it. See Kavanaugh v. Atlas Tack Corp., Ky., 432 S.W.2d 399. If, on the other hand, the board makes a factual finding in favor of the claimant, then such finding will be binding on judicial review if it was supported by substantial evidence. Lookout Coal Co. v. Williams, Ky., 424 S.W.2d 591.

"To the extent only that Grimes v. Goodlett and Adams, supra, and our other cases following and cited herein might be taken to indicate views inconsistent herewith, they shall be considered modified."

Upon the basis of all the evidence, the board was not persuaded of any relation

between the work and the injury and this court is of the opinion that the evidence was not sufficiently strong as to compel such a finding.

The appellant relies upon cases in which it has been held that where the evidence in support of the claim is positive and so clear and convincing that the court can conclude that the board acted erroneously in finding against the claim, then the reviewing court can set aside the findings of the board. The evidence produced by the appellant in this case does not meet that test and consequently those cases are not applicable.

The judgment is affirmed.

All concur.