Jimmy DAY, Appellant,

v.

ADAMS STONE CORPORATION et al., Appellees.

Court of Appeals of Kentucky.

Oct. 29, 1971.

Rehearing Denied Feb. 18, 1972.

Harry R. Stamper, Kelsey E. Friend Law Firm, Pikeville, for appellant.

Joe W. Craft, Jr., Craft & Haynes, Hazard, Thomas R. Emerson, Frankfort, for appellees.

DAVIS, Commissioner.

The Workmen's Compensation Board denied Jimmy Day's claim for compensation, holding that Day "has failed to prove that as a result of the alleged accident and injury of August 30, 1969, he has sustained any disability." The circuit court affirmed the Board's ruling, hence the present appeal in which it is asserted: (1) The Board had no basis for appointing a physician as prescribed by KRS 342.121; (2) in any event the report of the physician appointed pursuant to KRS 342.121 was not conclusive or determinative of the issue concerning Day's claimed disability; and (3) clearly the claimant was entitled to recover medical expenses and for temporary disability.

Day filed his claim on September 9, 1969, alleging that he was injured on August 30, 1969, in a work-connected accident. He testified that he was "loading a railroad car and this guy that was helping me let one go and it hit the one that I was on and the bar of the railroad car caught me in the back and knocked me off the railroad car onto the ground." At the time of this alleged injury, Day was twenty-two years old.

Day described the effects of this trauma, emphasizing pain in his back and left leg. He said he was confined in a hospital for eight days under the care of a Dr. Nash, who prescribed "pain pills and heat." Dr. Nash did not testify. There was no other evidence about the stay in the hospital. Day deposed that he has never been free of pain since the incident of August 30, 1969, and that he has been and continues to be completely disabled.

On cross-examination of Day, it was developed that he had been "mashed between two railroad cars" about three years before the incident of August 30, 1969. He had accepted a compromise settlement of workmen's compensation on account of the earlier accident on the basis of 25% disability. He said that accident did not affect his back, but "mashed my lungs and broke six ribs."

In October 1969, Day was driving a car which collided with a train, but he said that episode did not affect his back. In that accident Day said he sustained a cut on his nose and one near his jugular vein. He was treated by a Dr. Musgrave, who was not offered as a witness.

Dr. Loyal K. Wilson, an orthopedic surgeon, saw and examined Day on November 14, 1969. Dr. Wilson diagnosed Day's condition as herniation of nucleus pulposus causing pain in the back and radiating down the left leg, and opined that Day was unable to do any heavy manual labor. It does not appear that Dr. Wilson was apprised of the first accident or the third one.

Dr. Robert F. Sexton, a neurosurgeon, saw and examined Day on December 11, 1969. Dr. Sexton reported that the past history he received was: "No previous back trouble, no serious illness. Had been mashed between two railroad cars two years ago, has subsequently passed three job physicals * * *." Dr. Sexton expressed the view that Day had a herniated disc and is totally disabled from heavy labor.

The Board made the Special Fund a party, pursuant to the employer's motion, when it was shown that a previous injury had caused disability. It appointed Dr. Joseph Keith to examine Day and report, pursuant to KRS 342.121. Appellant contends that there was no basis for making

the Special Fund a party, nor any valid reason for the appointment of Dr. Keith. These contentions are without merit, since the provisions of KRS 342.120(1) (a) became applicable by virtue of the earlier disabling accident.

■ Dr. Keith reported that he found no clinical basis for a conclusion that Day is disabled. The Board accepted that view. The Board did not regard itself as bound by Dr. Keith's report. It had the prerogative of choosing what medical evidence to believe. The evidence for the appellant was not so strong as to *require* a finding in his behalf. In these circumstances the Board properly may decline to be persuaded by the claimant's evidence; thus the claimant has failed to bear his burden of affirmatively persuading the Board to his view. Cf. Semet-Solvay Div. of A. C. Corp. v. Workmen's Compensation Board, Ky., 410 S.W.2d 405.

The judgment is affirmed.

All concur.