SEVENTH STREET ROAD TOBACCO WAREHOUSE et al., Appellants,

v.

Gilbert Eugene STILLWELL and Workmen's Compensation Board, Appellees.

Supreme Court of Kentucky.

Dec. 3, 1976.

Stuart E. Alexander, Louisville, for appellants.

Richard J. Fitzgerald, Louisville, for appellee Gilbert Eugene Stillwell.

William L. Huffman, Director of Workmen's Compensation Board.

LUKOWSKY, Justice.

■ The Workmen's Compensation Board found that the appellee, Stillwell, was 60% disabled and made an open-end award. The most troublesome issue raised by the appellant, Warehouse, is whether the injury Stillwell sustained was related to his work. The facts are in dispute. The version most favorable to Stillwell will be presented because the Board found in his favor.

Warehouse hires casual labor during the tobacco-packing season. Typically, anyone who shows up in the morning will be employed for the day. The pay week runs from Friday through Thursday. According to the president of Warehouse, pay is not to be picked up under any circumstances until the Saturday following the Thursday which ended the pay period. The record does not show that the immutability of this policy was communicated to Stillwell.

Stillwell worked for Warehouse on Thursday, November 29, and on Friday the 30th in 1973. He did not work Monday or Tuesday because he had the flu. On Wednesday, December 5, he came to Warehouse to collect his pay. He stated that the office girl told him to wait until 4:30 p. m. It was then 11:00 a. m. He said that he would talk to the boss. He walked into the yard, told his foreman that he would be coming back to work on Thursday, and slipped on some steps fracturing his skull.

The Board found that a contract of employment is not fully terminated until the employee is paid, and accordingly an employee is in the course of employment while collecting his pay. Larson, The Law of Workmen's Compensation, Section 26.30. Warehouse contends that since Stillwell's pay was not due him until Saturday, his attempt to collect it on Wednesday can not be work related.

■ It should be noted that the 1972 amendments to the Workmen's Compensation Act repealed KRS 342.005 which stated that to be compensable an injury must be traumatic, sustained by accident and arise out of and in the course of employment. Acts of 1972, Chapter 78, sec. 20. Its successors, KRS 342.620(1) and 342.610(1), merely state that a compensable injury is any work related harmful change in the human organism. The purpose of this change in the law was to expand workmen's compensation coverage to non-traumatic injuries. *Yocom v. Pierce,* Ky., 534 S.W.2d 796 (1976); *Haycraft v. Corhart Refractories Co.,* Ky., 544 S.W.2d 222 (1976). It is the injury element and not the employment element of a workmen's compensation claim that the legislature meant to expand. "Work related" and "arising out of and in the course of employment" are synonymous terms.

■ This is not a case in which an employee visited his place of employment to procure a loan from his employer. Stillwell was not seeking a loan. He had accrued the days pay that he sought to collect. It is

not clear from the record that Stillwell, a new employee, understood that he could only be paid on Saturday. He appeared confused about how pay was held back by his employer. The evidence was sufficient to authorize the Board to find that the injury was work related. KRS 342.004; 99 C.J.S. Workmen's Compensation § 214.

There was evidence to suggest that the proximate cause of Stillwell's injury was his own intoxication. However, we do not believe that the evidence was so strong that the Board was compelled to reach that conclusion.

■ Warehouse also contended that the evidence was insufficient to support the Board's finding that Stillwell was 60% disabled. There was medical testimony to the effect that Stillwell was 25% to 30% functionally disabled. The Board has great leeway in translating functional disability into occupational disability. *Kilgore v. Goose Creek Coal Co.*, Ky., 392 S.W.2d 78.

The judgment is affirmed.

All concur.