Eugene F. LAND, Commissioner of Labor and Custodian of the Special Fund, Appellant,

v.

Odie BURDEN, Brown & Williamson Tobacco Corporation, and Workers' Compensation Board, Appellees.

80–CA–2257–MR.

Court of Appeals of Kentucky.

June 12, 1981.

James David Bryant, Harlin, Parker & Rudloff, Bowling Green, for appellee Burden.

Irvin Abell, III, Brown, Todd & Heyburn, Louisville, for appellee Brown & Williamson Tobacco Corp.

Gemma M. Harding, Deputy Gen. Counsel for Appeals, Dept. of Labor, Louisville, Kenneth E. Hollis, Gen. Counsel, Dept. of Labor, Frankfort, for appellant.

Before COOPER, WHITE and WILHOIT, JJ.

WILHOIT, Judge.

The only question raised on this appeal is whether the Workers' Compensation Board, affirmed on appeal by the Jefferson Circuit Court, erred as a matter of law in imposing liability against the Special Fund for all of the compensable disability of the appellee Odie Burden.

As the result of a back injury suffered by Mr. Burden while at work, the Board found him to be 100 percent occupationally disabled. Ten percent of his disability was determined to be preexisting and active, while the remaining ninety percent was determined to have resulted from the arousal of a preexisting dormant condition. The Special Fund contends initially that since the injury which aroused Mr. Burden's dormant condition was not itself compensable, no liability can be imposed upon the Fund. This contention is based on the wording found in KRS 342.120(1)(b) which provides that the Special Fund may be made a party to a claim when

> [t]he employe is found to have a dormant nondisabling disease or condition which was aroused or brought into disabling reality by reason of a *subsequent compensable injury* by accident or an occupational disease[,] (Emphasis added.)

and the wording found in subsection (3) of KRS 342.120 dealing with the liability of an employer which states:

> If it is found that the employe is a person mentioned in paragraphs (a) or (b) of subsection (1) and a *subsequent compensable injury* or occupational disease has resulted in additional permanent disability so that the degree of disability caused by the combined disabilities is greater than that which would have resulted from the subsequent injury or occupational disease alone . . ., the employer shall be liable only for the degree of disability which would have resulted from the latter injury or occupational disease had there been no pre-existing disability or dormant, but aroused disease or condition. (Emphasis added.)

The Special Fund then contends that since the injury received by Mr. Burden resulted in no liability for payment of compensation by his employer, it was therefore not a "subsequent compensable injury" within the meaning of the above cited statutes, and, as a consequence, the Fund can have no liability for compensation. This contention confuses the statutory concept of "compensable injury" with the statutory provisions for who is liable to pay compensation. KRS 342.620(1) defines "injury" to be "any work related harmful change in the human organism[.]" KRS 342.610(1) provides that every employer subject to the Workers' Compensation Act "shall be liable for compensation for injury[.]" These statutes plainly make a work-related harmful change in the human organism a compensable injury with the employer liable for payment of any compensation due. *Seventh Street Road Tobacco Warehouse v. Stillwell*, Ky., 550 S.W.2d 469 (1976). KRS 342.-120, on the other hand, shifts the liability for payment of the compensation. It does not render an otherwise compensable injury noncompensable.

No claim is made that Mr. Burden did not suffer an "injury" as defined by the statute, and it is clear that his employer was subject to the Workers' Compensation Act.

The order of the Jefferson Circuit Court affirming the award of the Board is affirmed.

All concur.