**Eugene F. LAND, Commissioner of Labor and Custodian of the Special Fund, Appellant,**

v.

**Richard F. STARKS; Universal Plumbing Supply Co.; and Workers' Compensation Board, Appellees,**

**and**

**Richard M. STARKS, Cross-Appellant,**

v.

**UNIVERSAL PLUMBING SUPPLY COMPANY, INC. and Eugene F. Land, Commissioner of Labor and Custodian of the Special Fund, Cross-Appellees,**

**and**

**Richard M. STARKS, Appellant,**

v.

**UNIVERSAL PLUMBING SUPPLY COMPANY, INC.; Workers' Compensation Board; and Eugene F. Land, Commissioner of Labor and Custodian of the Special Fund, Appellees.**

Court of Appeals of Kentucky.

Sept. 11, 1981.

Supreme Court opinion and order vacating order granting discretionary review and remanding to Court of Appeals for final disposition Feb. 16, 1982.

John E. Stephenson, Asst. Counsel, Dept. of Labor, Louisville, Kenneth E. Hollis, Gen. Counsel Dept. of Labor, Frankfort, for Eugene F. Land.

F. Larkin Fore, William P. Mulloy, Louisville, for Richard M. Starks.

Stephen R. Schmidt, Charles S. Cassis, Mark R. Feather, Brown, Todd & Heyburn, Louisville, for Universal Plumbing Supply Co., Inc.

Before WHITE, WILHOIT and WINTERSHEIMER, JJ.

WILHOIT, Judge.

This matter is before the Court on two appeals from an order of the Jefferson Circuit Court affirming an award of the Workers' Compensation Board. The principal question raised is whether the Board erred in assessing all liability for its award of compensation against the Special Fund.

Richard M. Starks suffered a work-related back injury on March 1, 1977. On April 7, 1980, the Workers' Compensation Board determined that he was twenty percent occupationally disabled and that ten percent of this disability was due to a noncompensable prior active condition while ten percent was due to the arousal of a preexisting dormant condition. It found that no occupational disability was attributable to the March 1 injury alone and held the employer liable for payment of no compensation. The Special Fund contends that because the injury which aroused Mr. Starks's dormant condition was not itself compensable, no liability can be imposed upon the Fund. This contention is based upon the wording of KRS 342.120(1)(b) which provides that the Fund may be made a party to a claim before the Board when

> [t]he employe is found to have a dormant nondisabling disease or condition which was aroused or brought into disabling reality by reason of a *subsequent compensable injury* by accident or an occupational disease[,] (Emphasis added.)

and the wording of subsection (3) of this statute dealing with the liability of an employer which states:

> If it is found that the employe is a person mentioned in paragraphs (a) or (b) of subsection (1) and a *subsequent compensable injury* or occupational disease has resulted in additional permanent disability so that the degree of disability caused by the combined disabilities is greater than that which would have resulted from the subsequent injury or occupational disease alone ..., the employer shall be liable only for the degree of disability which would have resulted from the latter injury or occupational disease had there been no pre-existing disability or dormant, but aroused disease or condition. (Emphasis added.)

According to the Fund, the term "subsequent compensable injury" used in the foregoing statutory provisions means an injury

for which an employer is liable to pay compensation.

█ The Fund has confused the statutory provisions for who is liable to pay compensation with the statutory concept of what is a "compensable injury." KRS 342.620(1) defines "injury" to be "any work related harmful change in the human organism[.]" KRS 342.610(1) provides that every employer subject to the Workers' Compensation Act "shall be liable for compensation for injury[.]" These statutes plainly make a work-related harmful change in the human organism a compensable injury with the employer liable for payment of any compensation due. *Seventh Street Road Tobacco Warehouse v. Stillwell*, Ky., 550 S.W.2d 469 (1976). KRS 342.120, on the other hand, shifts the liability for payment of compensation in certain situations to the Fund. It does not render an otherwise compensable injury noncompensable.

█ The only other question presented is Mr. Starks's complaint that the Board erred in failing to find a greater occupational disability than it did. The burden of persuasion was on him, and we cannot say that the evidence before the Board was such as to have compelled it to find a greater percentage of occupational disability than it did. *Semet-Solvay Division of Allied Chemical Corp. v. Workmen's Compensation Board*, Ky., 410 S.W.2d 405 (1966).

The order of the Jefferson Circuit Court is affirmed.

All concur.