Terry **FARRIS,** Linda Farris and Workers' Compensation Board, Movants,

v.

**HUSTON BARGER MASONRY, INC.,** and Kentucky Associated General Contractors, Respondents.

No. 88–SC–788–DG.

Supreme Court of Kentucky.

Nov. 30, 1989.

Howard Oliver Mann, Trimble & Mann, Corbin, for movants.

Mark D. Knight, Travis & Knight, Somerset, for respondents.

COMBS, Justice.

In reversing the Madison Circuit Court, which had affirmed an award of the Workers' Compensation Board, the Court of Appeals stated, "[i]n our view, there is insufficient evidence to show Farris was acting in the course of his employment when he was injured. Consequently, the Board erred in finding Farris's injuries to be compensable."

On July 3, 1985, Terry Farris was employed by Huston Barger Masonry, Inc., as a mason tender or hod carrier. That evening he was riding as a passenger in a pickup truck owned and operated by his brother-in-law, James Terrell. Mr. Terrell was one of the foremen for the Huston Barger Company. Both lived in the Corbin, Kentucky area. Terrell, Farris, and others usually engaged in a carpool arrangement to go to the various job sites, a fact well known to Mr. Barger.

On July 3, 1985, Terrell drove his vehicle to a job in Irvine, Kentucky, accompanied by Farris and Tim Sprinkles. The preceding evening, in a telephone conversation with Mr. Barger, Terrell was asked to stop at the company office in Berea, Kentucky the next morning. Terrell stopped at Berea on the way to Irvine and was told by Barger to pick up the checks for his crew that afternoon. The three then left for Irvine where they worked all day.

During the afternoon, Terrell spoke by telephone with Carolyn Wilson, the company bookkeeper. Terrell told her that the crew was running late, and he would be unable to pick up the payroll at the company office before it closed. Wilson replied that she would leave the payroll at her home because she could not work late that evening. After work, Terrell and the others drove towards Wilson's home which was not on the route they would have taken in order to return to Corbin. Before they reached Wilson's home, they were involved in a traffic accident. Farris received serious head injuries and cannot now move, speak or in any way communicate.

Farris's wife, Linda, filed a workers' compensation claim on her husband's behalf. It was not contested that Terry Farris was totally and permanently occupationally disabled. However, Huston Barger Masonry contended that Farris's injuries were not work-related and, thus, not compensable. On May 18, 1987, the Workers' Compensation Board found that the injuries were work-related. On December 22, 1987, the Madison Circuit Court affirmed the ruling of the Board.

Huston Barger had several jobs going throughout south central Kentucky. Inasmuch as many of the jobs were quite a distance from the homes of the employees, carpooling was a benefit to the company. The Board found:

[T]hat Plaintiff generally carpooled with Terrell and another employee by the name of Sprinkles, and this arrangement was encouraged by the employer and was known to and acquiesced in by the employer.

. . . .

We find that the employer knew or should have known that both Plaintiff and Sprinkles would be accompanying Terrell in the pickup truck to Carolyn Wilson's home for the purpose of getting the payroll.

. . . .

Terrell left the job site in the pickup truck accompanied by Plaintiff and Sprinkles as passengers. They went directly to Carolyn Wilson's house for the purpose of getting the payroll. They never arrived. On the way, the vehicle was struck by another car and the truck overturned several times, and Plaintiff received severe head injuries in the incident.

In excluding the "going and coming" rule relied on by the Court of Appeals, the Board found the employer was aware that Farris was commuting with the foreman previous to the day in question.

Farris was being transported by his foreman to a location designated by his employer to collect his pay, which has been held to be a work-related activity. *See Seventh Street Road Robacco Warehouse v. Stillwell,* Ky., 550 S.W.2d 469 (1976).

The Board concluded its findings by stating:

> It is clear to us that the picking up of the pay checks at the home of the corporate secretary provided a service and benefit to Plaintiff's employer. Given the broad remedial purposes of the Act and the dictates of KRS 446.080(1), we find that Plaintiff's injuries are work-related.

This case has been practiced under the statutes existing prior to the amendment creating the position of administrative law judge of the Board. At the time of the injuries, KRS 342.285(2) prohibited the trial court from substituting its judgment for that of the Board as to the weight of evidence on questions of fact. Its review was limited to determining whether or not an order, decision or award of the Board was clearly erroneous based on the reliable, probative, and material evidence contained in the whole record. KRS 342.290 also limited the scope of review of the Court of Appeals. It is obvious that the Court of Appeals, in reversing the trial court, substituted its judgment on questions of fact for that of the Board as to the weight of evidence.

We have carefully reviewed the entire record and find there is substantial evidence to support the ruling of the Board and that its ruling was not clearly erroneous.

We, therefore, reverse the Court of Appeals and remand to the trial court for the enforcement of its judgment based upon the award of the Board.

All concur.