**Patricia BARNETTE, Appellant,**

v.

**HOSPITAL OF LOUISA, INC., d/b/a Three Rivers Medical Center; and Community Health Systems, Inc., Appellees.**

No. 2000–CA–002290–MR.

Court of Appeals of Kentucky.

Jan. 4, 2002.

Charles K. Belhasen, Paintsville, KY, for Appellant.

Martin A. Arnett, Louisville, KY, for Appellees.

Before GUDGEL, Chief Judge, JOHNSON and McANULTY, Judges.

*OPINION*

JOHNSON, Judge.

Patricia Barnette has appealed from a summary judgment entered by the Lawrence Circuit Court on August 22, 2000, which dismissed her tort claim against the appellees. Having concluded that there is no genuine issue as to any material fact and that as a matter of law Barnette's exclusive remedy for an injury sustained from a fall at work is under the Workers' Compensation Act, we affirm.

Barnette filed a tort action in Lawrence Circuit Court against her employer, Hospital of Louisa d/b/a Three Rivers Medical Center and Community Health Systems, Inc., for an injury which allegedly occurred on June 26, 1995, when she went to her place of work for the sole purpose of picking up her paycheck and slipped and fell on accumulated water. On April 14, 2000, the hospital filed a motion for summary judgment arguing that as a matter of law Barnette's injury was a work-related injury and thus her exclusive remedy was a workers' compensation claim. On April 28, 2000, Barnette responded to the motion for summary judgment arguing that since she was on her employer's premises at the time of the accident for her own purposes and not for the benefit of or as required by the hospital, her injuries were not work-related. On August 22, 2000, the Lawrence Circuit Court entered a summary judgment granting the hospital's motion. On September 1, 2000, Barnette filed a motion to reconsider which was denied on September 8, 2000. This appeal followed.

 The sole issue on appeal is whether there is a genuine issue of material fact regarding Barnette's actions in picking up her paycheck at her employer's place of business; or whether from the uncontested facts, Barnette's actions constitute a work-related activity as a matter of law. Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to

any material fact and that the moving party is entitled to a judgment as a matter of law."[1] In *Paintsville Hospital Co. v. Rose*,[2] the Supreme Court of Kentucky held that for summary judgment to be proper the movant must show that the adverse party cannot prevail under any circumstances. The Court has also stated that "the proper function of summary judgment is to terminate litigation when, as a matter of law, it appears that it would be impossible for the respondent to produce evidence at the trial warranting a judgment in his favor."[3] The standard of review on appeal of a summary judgment is whether the trial court erred in concluding that there was no genuine issue as to any material fact and that the moving party was entitled to judgment as a matter of law.[4] There is no requirement that the appellate court defer to the trial court since factual findings are not at issue.[5] "The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor."[6]

 Although the trial court entered summary judgment without stating a reason, the hospital's motion before the trial court relied heavily on *Seventh Street Road Tobacco Warehouse v. Stillwell*,[7] for the proposition that the act of an employee picking up a paycheck at work is a work-related activity. Stillwell had worked as a casual laborer for the tobacco warehouse on Thursday, November 29, and on Friday, November 30, in 1973. On the following Wednesday, Stillwell went to the ware-

1. CR 56.03.

2. Ky., 683 S.W.2d 255 (1985).

3. *Steelvest, Inc. v. Scansteel Service Center, Inc.*, Ky., 807 S.W.2d 476, 480 (1991).

4. *Scifres v. Kraft*, Ky.App., 916 S.W.2d 779, 781 (1996).

5. *Goldsmith v. Allied Building Components, Inc.*, Ky., 833 S.W.2d 378, 381 (1992).

6. *Steelvest, supra* at 480.

7. Ky., 550 S.W.2d 469 (1976).

house to pick up his paycheck. Stillwell was not aware of the warehouse's policy that paychecks were only to be picked up on the Saturday following the Thursday on which the pay week ended. While Stillwell was on the employer's premises, he slipped on some steps and fractured his skull. In holding that the accident was work-related and that Stillwell was entitled to workers' compensation coverage, the Supreme Court stated:

> This is not a case in which an employee visited his place of employment to procure a loan from his employer. Stillwell was not seeking a loan. He had accrued the days pay that he sought to collect. It is not clear from the record that Stillwell, a new employee, understood that he could only be paid on Saturday. He appeared confused about how pay was held back by his employer. The evidence was sufficient to authorize the Board to find that the injury was work related.[8]

Barnette attempts to distinguish her case from *Stillwell* by arguing that she was a regular employee of the hospital and not a casual worker. We fail to see how this distinction makes a difference. The Court in *Stillwell* focused on the question of whether Stillwell was an employee of the warehouse at the time of the accident. Once he was determined to be an employee, the Court ruled that the act of an employee picking up a paycheck constitutes a work-related activity subject to workers' compensation coverage. Barnette concedes that she was an employee of the hospital at the time of the accident.

In *Farris v. Huston Barger Masonry, Inc.,*[9] the Supreme Court reversed this Court which had held that there was insufficient evidence to support the trial court's finding that Farris was acting in the course of his employment when he was injured. Farris had been injured while carpooling with other employees from the construction site where they were employed. The employer disputed whether the employees were acting within the scope of their employment at the time of the accident because some of their activities while in transit were unrelated to work. In holding that the accident was work-related, the Supreme Court stated, "Farris was being transported by his foreman to a location designated by his employer to collect his pay, which has been held to be a work-related activity."[10] We believe this statement by the Supreme Court constitutes an adoption of the rule that the act of an employee picking up her paycheck is a work-related activity that is covered under the Workers' Compensation Act.

Barnette has not argued that she was at the hospital for some other purpose other than picking up her paycheck. During discovery, the following interrogatory was answered by Barnette:

*INTERROGATORY NO. 1:* Please state how the Plaintiff came to be on the premises of Three Rivers Medical Center at the time of the events alleged in the Complaint, including but not limited to, where the Plaintiff had traveled from to arrive at Three Rivers Medical Center, where the Plaintiff was going at Three Rivers Medical Center, and how long the Plaintiff was on the premises.

ANSWER: Plaintiff had traveled from home, approximately 1 and ½ miles away to pick up her paycheck in the Administrator's office. She was on the premises about 10 minutes prior to the fall.

8. *Id.* at 470–71.

9. Ky., 780 S.W.2d 611 (1989).

10. *Id.* at 613.

In accordance with *Stillwell* and *Farris,* we hold that an employee's actions of picking up a paycheck at her employer's place of business constitutes a work-related activity covered by the Workers' Compensation Act. Accordingly, Barnette's exclusive remedy under the Act is a claim for workers' compensation benefits and the trial court properly dismissed her tort claim.

For the foregoing reasons, the summary judgment of the Lawrence Circuit Court is affirmed.

ALL CONCUR.