RENDERED: JULY 8, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0205-WC

TRANE, CO.                                                        APPELLANT

v.          PETITION FOR REVIEW OF A DECISION
            OF THE WORKERS' COMPENSATION BOARD
            ACTION NO. WC-20-00365

EDWARD HIGGINS; HONORABLE
AMANDA MICHELLE PERKINS,
ADMINISTRATIVE LAW JUDGE;
AND WORKERS' COMPENSATION
BOARD                                                            APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: DIXON, McNEILL, AND TAYLOR, JUDGES.

DIXON, JUDGE: Trane, Co. petitions for review of the Workers' Compensation

Board (Board) opinion entered January 28, 2022, affirming the opinion, award, and

order of the Administrative Law Judge (ALJ), and subsequent order on

reconsideration. Following review of the record, briefs, and law, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

Edward Higgins worked on various assembly lines for Trane from 1985 to 2019. From 2010 to 2019, Higgins worked with big pieces of equipment which strained his body, particularly his neck and back. In 2019, after being informed the plant would close, Higgins accepted a severance package and retired from his work at Trane.

After retirement, Higgins' neck and back conditions continued to deteriorate. As a result, he sought medical treatment and workers' compensation benefits. He was evaluated by Dr. Bruce Guberman, who opined Higgins was unable to perform the work he had done when he retired from Trane. Dr. Guberman reported that Higgins was having difficulty performing his job duties prior to his retirement due to his neck and back pain and assessed an 8% whole person impairment rating for Higgins' neck pain, and imposed limitations based on the AMA *Guides*.[1]

Trane requested an evaluation by Dr. Stacie Grossfeld who determined that Higgins was able to perform the same work as he had for Trane and that he had no ratable impairment.

---

[1] Linda Cocchiarella & Gunnar B. J. Anderson, American Medical Association, *Guides to the Evaluation of Permanent Impairment* (Fifth Edition AMA Press 2000).

Higgins testified at deposition, as well as both a formal and final hearing, that he was no longer able to perform the same work he had before his retirement. Higgins further testified that during his employment with Trane, he had developed work-arounds – learning how to maneuver and handle objects to put the least amount of strain on his body – to allow him to continue working as long as possible. When asked if he would have continued to work for Trane were they not closing, Higgins testified he would have tried to work there as long as possible; however, the pain from years of hard work at Trane now prevents him from being able to mow his yard, much less perform the heavy work necessary at Trane. Higgins also testified he delayed seeking medical treatment because Trane employees are not allowed to work with restrictions.

An ALJ found Higgins has a permanent partial disability rating of 8%. Because Higgins could not find employment that pays the same or greater than his preinjury average weekly wage, the ALJ enhanced Higgins' award by a three-multiplier. Trane moved the ALJ to reconsider his decision, but the motion was denied. Trane appealed, and the Board affirmed, in part, and vacated the ALJ's enhancement of a three-multiplier because the ALJ had not examined whether Higgins could do the work he did for Trane, as required by KRS[2] 342.730(1)(c)1.

---

[2] Kentucky Revised Statutes.

On remand, the matter was assigned to a different ALJ who examined whether Higgins could do the work he had performed for Trane and determined he could not. Accordingly, she enhanced his award using the three-multiplier pursuant to KRS 342.730(1)(c)1. Trane petitioned the ALJ to reconsider her opinion, which was denied. Trane appealed to the Board, who affirmed the ALJ's opinion and award. This petition for review followed.

## STANDARD OF REVIEW

The appropriate standard of review for workers' compensation claims was summarized in *Bowerman v. Black Equipment Company*, 297 S.W.3d 858, 866-67 (Ky. App. 2009).

> Appellate review of any workers' compensation decision is limited to correction of the ALJ when the ALJ has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice. [*W.*] *Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687-88 (Ky. 1992). Our standard of review differs in regard to appeals of an ALJ's decision concerning a question of law or a mixed question of law and fact *vis-à-vis* an ALJ's decision regarding a question of fact.

> The first instance concerns questions of law or mixed questions of law and fact. As a reviewing court, we are bound neither by an ALJ's decisions on questions of law or an ALJ's interpretation and application of the law to the facts. In either case, our standard of review is *de novo*. *Carroll v. Meredith*, 59 S.W.3d 484, 489 (Ky. App. 2001); *Cinelli v. Ward*, 997 S.W.2d 474, 476 (Ky. App. 1998). *De novo* review allows appellate courts greater latitude in reviewing an ALJ's decision.

-4-

[*Purchase Transp. Servs. v. Est. of Wilson*, 39 S.W.3d 816, 817-18 (Ky. 2001); *Uninsured Emps.' Fund v. Garland*, 805 S.W.2d 116, 117 (Ky. 1991)].

The second instance concerns questions of fact. KRS 342.285 designates the ALJ as finder of fact, and has been construed to mean that the factfinder has the sole discretion to determine the quality, character, weight, credibility, and substance of the evidence, and to draw reasonable inferences from the evidence. *Paramount Foods, Inc. v. Burkhardt*, 695 S.W.2d 418, 419 (Ky. 1985); [*McCloud v. Beth-Elkhorn Corp.*, 514 S.W.2d 46, 47 (Ky. 1974)]. Moreover, an ALJ has sole discretion to decide whom and what to believe, and may reject any testimony and believe or disbelieve various parts of the evidence, regardless of whether it comes from the same witness or the same adversary party's total proof. *Caudill v. Maloney's Discount Stores*, 560 S.W.2d 15, 16 (Ky. 1977).

KRS 342.285 also establishes a "clearly erroneous" standard of review for appeals concerning factual findings rendered by an ALJ, and is determined based on reasonableness. *Special Fund v. Francis*, 708 S.W.2d 641, 643 (Ky. 1986). Although an ALJ must recite sufficient facts to permit meaningful appellate review, KRS 342.285 provides that an ALJ's decision is "conclusive and binding as to all questions of fact," and that the Board "shall not substitute its judgment for that of the [ALJ] as to the weight of evidence on questions of fact[.]" *Shields v. Pittsburgh & Midway Coal Mining Co.*, 634 S.W.2d 440, 441 (Ky. App. 1982). In short, appellate courts may not second-guess or disturb discretionary decisions of an ALJ unless those decisions amount to an abuse of discretion. [*Medley v. Bd. of Educ., Shelby County*, 168 S.W.3d 398, 406 (Ky. App. 2004)]. Discretion is abused only when an ALJ's decision is arbitrary, unreasonable, unfair, or unsupported by sound legal principles. *Downing v. Downing*, 45 S.W.3d 449, 454 (Ky. App. 2001).

. . .

> Generally, "arbitrariness" arises when an ALJ renders a decision on less than substantial evidence, fails to afford procedural due process to an affected party, or exceeds her statutory authority. [*K & P Grocery, Inc. v. Commonwealth, Cabinet for Health Servs.*, 103 S.W.3d 701, 703 (Ky. App. 2002)].

Substantial evidence is "that which, when taken alone or in light of all the evidence, has sufficient probative value to induce conviction in the mind of a reasonable person." *Bowling v. Nat. Res. & Env't Prot. Cabinet*, 891 S.W.2d 406, 409 (Ky. App. 1994). Our standard of review requires we show considerable deference to the ALJ and the Board.

## ANALYSIS

Trane's sole argument on appeal is that it was an abuse of discretion to apply a three-multiplier to Higgins' award. Concerning application of the three-multiplier, KRS 342.730(1)(c)1. provides the framework for our review:

> If, due to an injury, an employee does not retain the physical capacity to return to the type of work that the employee performed at the time of injury, the benefit for permanent partial disability shall be multiplied by three (3) times the amount otherwise determined under paragraph (b) of this subsection[.]

Trane insists the ALJ erred in applying the three-multiplier, arguing there is no evidence Higgins stopped working at Trane because he lacked the physical capacity to do the type of work he was performing when he retired. Rather, Trane

-6-

argues that Higgins only retired because the plant was closing. Trane also attacks the credibility of Dr. Guberman's opinions, claiming they were based on misinformation; however, this argument is belied by the record.[3]

The Supreme Court of Kentucky, in *Ford Motor Company v. Forman*, 142 S.W.3d 141, 145 (Ky. 2004), held that in cases concerning the applicability of the three-multiplier, an ALJ "must analyze the evidence to determine what job(s) the claimant performed at the time of injury and to determine from the lay and medical evidence whether [he or] she retains the physical capacity to return to those jobs." Here, Higgins' testimony, coupled with Dr. Guberman's opinion and restrictions, supported the application of a three-multiplier because Higgins' former job was more strenuous than that which he can now perform.

The case herein presents an unusual situation in that Higgins stopped working at Trane because the plant was closing, and he was offered a severance package to voluntarily terminate his employment. Nevertheless, the pivotal inquiry is not the reason Higgins stopped working but whether he retains the capacity to perform his customary employment. Further, we agree with the Board's conclusion that the ALJ was free to accept Higgins' testimony as to his

---

[3] The "misinformation" consists of portions of Higgins' testimony that have been cherry-picked and strung together by Trane to appear to be conflicting; however, a more thorough review of Higgins' testimony reveals Trane's attempt to call Higgins' credibility into question is disingenuous.

inability to perform his previous work for Trane, in addition to accepting Dr. Guberman's restrictions as precluding his return to his prior employment. As explained in *Ira A. Watson Department Store v. Hamilton*:

> Although the ALJ must necessarily consider the worker's medical condition when determining the extent of his occupational disability at a particular point in time, the ALJ is not required to rely upon the vocational opinions of either the medical experts or the vocational experts. *See*, *Eaton Axle Corp. v. Nally*, 688 S.W.2d 334 (Ky. 1985); [*Seventh St. Rd. Tobacco Warehouse v. Stillwell*,] 550 S.W.2d 469 (Ky. 1976). A worker's testimony is competent evidence of his physical condition and of his ability to perform various activities both before and after being injured. *Hush v. Abrams*, 584 S.W.2d 48 (Ky. 1979).

34 S.W.3d 48, 52 (Ky. 2000). Not only did Dr. Guberman clearly express the basis of his opinion that Higgins could not resume his previous employment, Higgins himself testified that he was no longer capable of performing the physically demanding work required at Trane due to his back and neck pain.

Because this Court has consistently held that an ALJ is free to accept an employee's self-assessment of his ability to labor, Higgins' testimony, along with the restrictions imposed by Dr. Guberman, constitute sufficient evidence to support the ALJ's application of a three-multiplier. The ALJ's determination falls squarely within the principles set out in *Hamilton*:

> Although a party may note evidence which would have supported a conclusion contrary to the ALJ's decision, such evidence is not an adequate basis for reversal on

appeal. The crux of the inquiry on appeal is whether the finding which was made is so unreasonable under the evidence that it must be viewed as erroneous as a matter of law.

*Id*. at 52 (citations omitted). Nothing in this record or Trane's arguments allows us to reach such a conclusion regarding the ALJ's findings. Accordingly, we must affirm.

## CONCLUSION

For the foregoing reasons, the opinion of the Board is hereby AFFIRMED.


ALL CONCUR.


BRIEF FOR APPELLANT:

Donald J. Niehaus
Caleb T. Taylor
Lexington, Kentucky

BRIEF FOR APPELLEE EDWARD HIGGINS:

Clayton D. Scott
Lexington, Kentucky