(135 So. 569)

**ROCKWOOD ALABAMA STONE CO. v. LAWLER.**

8 Div. 314.

Supreme Court of Alabama.

June 27, 1931.

[1] 222 Ala. 417.

J. Foy Guin, of Russellville, for appellant.

H. H. Hamilton, of Russellville, for appellee.

BOULDIN, J.

The defenses set up to the claim of the workman for compensation were: First, a denial that the injury arose out of and in course of the employment; second, willful violation of a known and reasonable rule of the employer relating to the service.

The finding of fact was quite general, a mere conclusion, saying: "While acting within the discharge of his duties as such employee of the defendant, and while acting within the line and scope of the employment," the injury was received.

In such case a bill of exceptions is permissible. The office of same is not that this court shall pass upon the weight of the evidence, but to determine as matter of law whether there is any evidence directly sustaining such finding, or of facts and circumstances from which such conclusion may reasonably be drawn. Greek's Case, 207 Ala. 219, 92 So. 458.

Looking to the bill of exceptions, it appears plaintiff's employment was to operate a "joining saw," cutting stone which had been made ready by planing, etc.

The injury, loss of a thumb, was received while operating a cut-off saw in cutting kindling to make a fire in the "oven" or "salamander" provided by the employer for the comfort of employees at work. This cut-off saw was located outside the shed where plaintiff worked, and he was operating same some 15 minutes before regular working hours.

Evidence for plaintiff tended to show employees were expected to make their own fires, if wanted, to get kindling to start coke fires from waste lumber outside the stove cutter's shed; that, with the knowledge and acquiescence of the foreman in charge, plaintiff had used the cut-off saw for this purpose, and that he and other employees used it to cut

**338**

wood blocks or wedges needed in their work when none were prepared by regular carpenters.

Further evidence tended to show plaintiff and other employees were accustomed, with the knowledge and acquiescence of the employer, to go to the plant before the regular hours of work and make their fires; that the rules required them to be at their posts at 6:30 a. m., the hour for beginning work.

Such evidence, if believed, supports a reasonable inference that the service in which plaintiff was engaged at the time of the injury was incident to the employment, and at the place, and within the time contemplated, and the use of the cut-off saw as a convenient implement to cut kindling, no other being specially provided therefor, would not put him without the line and scope of employment. Jett v. Turner, 215 Ala. 353, 110 So. 702; Benoit Coal Mining Co. v. Moore, 215 Ala. 220, 109 So. 878, 879; Ex parte Majestic Coal Co. (Polo v. Majestic Coal Co.), 208 Ala. 86, 93 So. 728; Ex parte Louisville & N. R. Co. (House v. L. & N. R. Co.), 208 Ala. 216, 94 So. 289.

The breach of rules, an affirmative defense, with burden of proof on the employer, is defined as a "wilful breach of a reasonable rule or regulation of his employer, of which rule or regulation the employee has knowledge." Code, § 7544.

Suffice to say as to this defense, plaintiff, in testimony, denies any knowledge of a rule forbidding the use of the cut-off saw. Other evidence raises a question whether the use of this saw by employees was within the general rule forbidding the operation of any other machine than the one he is employed to operate, in the light of known and contemplated use above indicated.

We do not deal with the weight of the evidence tending to overcome the plaintiff's case as outlined above; nor do we see any occasion to consider the argument questioning the justice of the rule of review provided by law.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.