196 So. 134

**HARDIE SALES CO., Inc., v. ASTRACHAN.**

**I Div. 343.**

Court of Appeals of Alabama.

March 12, 1940.

Rehearing Denied April 2, 1940.

Smith & Johnston, of Mobile, for petitioner.

Harry. T. Smith & Caffey, of Mobile, for respondent.

RICE, Judge.

By this application for the writ of certiorari, petitioner, Hardie Sales Company, Inc., a Corporation, seeks to review the judgment of the circuit court in the matter of the petition of Nathan Astrachan to be awarded compensation for personal injuries alleged to have been suffered by him by reason of an accident arising in the course of and out of his employment by the Company.

The only and decisive question is raised by the contention on the part of the petitioner here that there was "*no* evidence that the injury of the plaintiff arose out of and in the course of his employment"—this contention being of course, denied by the plaintiff, petitioner below.

In such case a bill of exceptions is permissible. The office of same is not that this court shall pass upon the weight of the evidence, but to enable it to determine "as a matter of law" whether there is *any* evidence directly sustaining the finding of the court below, or of facts and circumstances from which such conclusion (finding) may reasonably be drawn. Rockwood Alabama Stone Co. v. Lawler, 223 Ala. 336, 135 So. 569; Greek's case, Greek v. Sloss-Sheffield Steel & Iron Co., 207 Ala. 219, 92 So. 458.

In this connection the lower court's finding of fact was as follows: "The plaintiff, a resident of Mobile County, Alabama, was, on and prior to June 11th, 1938, employed by the Hardie Sales Company, Inc., a corporation doing business in the City of Mobile, Alabama. Plaintiff was injured on the 11th day of June, 1938, by being struck by an automobile as he was alighting from a street car on Springhill Avenue at a point about half block from the branch store of Hardie Sales Company, Inc. At the time, plaintiff was going from the main store or principal place of business of the Hardie Sales Company, Inc., on Dauphin Street, to the branch office of said Hardie Sales Company, Inc., under specific orders or directions of Mr. Joseph Baer, who was the president of the defendant corporation and in active charge of its management. It was a part of the contract of employment of the plaintiff that he should, when so directed by his employer, go to such branch offices to relieve other employees and on the occasion when the plaintiff was hurt, he was as stated, on his way from the main office to the branch office at Springhill Avenue, pursuant to the instructions or directions of the managing officer of the defendant, and was acting in accordance with the instructions of said officer."

We see nothing to say, other than that we have carefully examined the bill of exceptions sent up here and *do* find evidence—with the weight of which we have nothing to do—directly supporting the finding quoted of the learned trial court. This decides the case.

All that line of cases cited by counsel for the petitioner, here, holding to the effect that an "injury which overtakes an employee between the time that he has completed his regular work for the day and the time that he expects to return to perform extra work does *not* occur in the course of employment so as to be compensable;" or that "if an employee is injured while going to or returning from his work to his home or to or from some point not visited for the discharge of a duty arising out of his employment, or while in the use

294

of a public highway used by the public generally he does not come within the protection of the Workmen's Compensation Act," are, by the nature of the evidence—at least *some* of the evidence— here, beside the point.

We find no error in the record.

Certiorari denied.

Writ denied.