196 So. 135
**HARDIE SALES CO., Inc., v. ASTRACHAN.**
**I Div. 104.**

Supreme Court of Alabama.
May 14, 1940.

Smith & Johnston, of Mobile, for petitioner.

Harry T. Smith & Caffey, of Mobile, opposed.

BROWN, Justice.

This case came to the Court of Appeals, 196 So. 134, through "appeal by certiorari," aided by bill of exceptions containing the evidence. Woodward Iron Co. v. Bradford, 206 Ala. 447, 90 So. 803; Bessemer Engineering & Construction Co. v. Smith, 216 Ala. 348, 113 So. 290; Exchange Distributing Co. v. Oslin, 229 Ala. 547, 158 So. 743.

The Court of Appeals finds as a fact that the finding of fact by the circuit court embodied in the "statement of the law and facts and conclusions as determined by said judge," required by § 7578 of the Code 1923, as restated in the opinion of the Court of Appeals, is supported by legal evidence.

The petitioner's contention here is that the facts so restated, as a matter of law, do not show that the injury received by the workman arose out of and in the course of his employment. The gist of the argument, to quote from the brief, is: "There is nothing in the findings of fact to show that the employee's period of service had commenced at the time he received his injury. The facts do not state that the plaintiff, when at the main plant on Dauph-

in Street immediately prior to commencing his journey to the Springhill Avenue branch had visited the main plant for the performance of any service for the employer. It is not contended by the plaintiff, nor is it revealed in the findings of fact of the court, that the plaintiff had been instructed to visit the main plant preparatory to his journey to the Springhill Avenue branch for the performance of any service which would bring him within the defendant's employment. To assume such a state of circumstances would result in this court's granting a finding of fact based on speculation. The fact that the plaintiff was subject to call and the mere fact that his employment brought him to the place of injury, is not enough. The injury must have had its origin in a risk connected with the employment itself, and must have been the result of this."

We are of opinion that the stated facts that, "At the time, plaintiff was going from the main store or principal place of business of the Hardie Sales Company, Inc., on Dauphin Street, to the branch office of said Hardie Sales Company, Inc., under specific orders or directions of Mr. Joseph Baer, who was the president of the defendant corporation and in active charge of its management. It was a part of the contract of employment of the plaintiff that he should, when so directed by his employer, go to such branch offices to relieve other employees and on the occasion when the plaintiff was hurt, he was as stated, on his way from the main office to the branch office at Springhill Avenue, pursuant to the instructions or directions of the managing officer of the defendant, and was acting in accordance with the instructions of said officer," clearly meets this argument, and justified the conclusion of law and fact, in the statement of the trial court, "that his injury was caused by an accident arising out of and in the course of his employment by the defendant." Alabama Concrete Pipe Co. v. Berry et al., 226 Ala. 204, 146 So. 271; Ex parte Louisville & N. R. Co., House v. Louisville & N. R. Co. 208 Ala. 216, 94 So. 289; Jett et al. v. Turner, 215 Ala. 352, 110 So. 702; Rockwood Alabama Stone Co. v. Lawler, 223 Ala. 336, 135 So. 569.

The contention here made that "The Court of Appeals was in error in holding that there was evidence, or some evidence, to support a finding of fact that the plaintiff's, the employee's, injury arose out of and in the course of his employment," involves a finding of fact and the application of the law to the facts, not within the range of review of the Court of Appeals by certiorari. Postal Tel. Cable Co. v. Minderhout, 195 Ala. 420, 71 So. 91.

The writ of certiorari is due to be denied. It is so ordered by the court.

Certiorari denied.

THOMAS, FOSTER, and LIVINGSTON, JJ., concur.