27 So.2d 700

### VALLEY COAL & LUMBER CO. et al. v. HOPKINS.

8 Div. 507.

Court of Appeals of Alabama.
Aug. 1, 1946.

Rehearing Denied Oct. 8, 1946.

Ben L. Britnell, of Decatur, for appellee.

Eyster & Eyster, of Decatur, for appellants.

BRICKEN, Presiding Judge.

Suit under Workmen's Compensation Act by George W. Hopkins, against Valley Coal & Lumber Company, a partnership composed of Thomas D. Edgil and W. S. Coates, and Thomas D. Edgil and W. S. Coates, individually, to recover compensation on account of injuries alleged to have been sustained in course of employment. Judgment awarding damages in the sum of $777.50 and the employers bring certiorari.

Compensation was sought under the Workmen's Compensation Act, Code of Alabama, 1940, Tit. 26, Section 253 et seq., for injuries suffered by George W. Hop-

524

kins, an employee in the planing mill of Valley Coal & Lumber Company, etc., employers, at Decatur, Morgan County, Alabama.

The case was tried before the Morgan County Circuit Court without a jury.

The defenses set up by the defendant to the claim of the workman for compensation were: First, a denial that the injury arose out of and in the course of the employment of the workman; and, second, the wilful violation, or breach, of a reasonable rule or regulation of the employer's of which the workman had knowledge, or as the proximate result of a wilful breach of specific instruction, warnings, and orders, of the employers to the workman.

The findings of the court upon the evidence, after the conclusion of the taking of testimony, were as follows:

"The Court is not satisfied that there was any willful breach of any reasonable rule or regulation of which plaintiff had knowledge, or any other willful misconduct barring his recovery.

"The Court is of the opinion that plaintiff's action in attempting to make the stake was with the implied consent of his superior. It is further the Court's opinion that the act was reasonably related to the work which plaintiff was entitled to infer, that he was authorized to do from his previously having been allowed to engage in the same, and was done by him in good faith in furtherance of his master's business."

The defendants filed their motion for a new trial upon the grounds therein alleged, which motion, after due consideration by the trial court, was overruled and denied.

A transcript of the testimony taken before the trial court is set out and made a part of the final record filed in this court in this proceeding.

In the case of Rockwood Alabama Stone Co. v. Lawler, 223 Ala. 336, 135 So. 569, our Supreme Court dealing with the office of a bill of exceptions, now a transcript of the testimony and proceedings in the trial court, said: "The office of same is not that this court shall pass upon the weight of the evidence, but to determine as matter of law whether there is any evidence directly sustaining such finding, or of facts and circumstances from which such conclusion may reasonably be drawn. Greek's Case, 207 Ala. 219, 92 So. 458."

In the late case of Houser v. Young, 25 So.2d 421, 422,[1] our Supreme Court again said: "We will not weigh the evidence and if on any reasonable view of the evidence, the conclusion of the trial court is supported, then the finding and judgment of the trial court will not be disturbed. Sloss-Sheffield Steel & Iron Co. v. Alexander, 241 Ala. 476, 3 So.2d 46; Malbis Bakery Co. v. Collins, 245 Ala. 84, 15 So.2d 705. But this does not mean that we will not review the legal conclusion of the court drawn from the evidence. Sloss-Sheffield Steel & Iron Co. v. Thomas, 220 Ala. 686, 127 So. 165."

There was a sharp conflict in the testimony in behalf of the plaintiff, and that in behalf of the defendant, upon the trial in the court below. It appears from the transcript of the testimony that the plaintiff was employed by the defendants to work at their lumber yard in Decatur, Alabama, and the first duty assigned to him was the stacking of some cedar posts out on the lumber yard. That same afternoon, however, he was transferred from the lumber yard into the planing mill, or manufacturing plant of the defendants. According to the plaintiff's testimony, he was carried into the mill by a Mr. Davis who had been the plaintiff's boss out on the yard. There was machinery in the mill consisting of planer, joiners, a cut off saw, a ripper-saw and probably other machines. As to these the plaintiff testified that Mr. Davis,—"took me over there and told me to go in there and learn what I could about machinery." The plaintiff further testified that when he went into the mill, a Mr. George Parsons was in the mill working there, and that he was the only one of the employees of the defendants who was in the mill at that time. Mr. Edgil, one of the defendants, had already advised the plaintiff that the machines in the mill were dangerous. The plaintiff further testified that neither before, or after,

[1] 247 Ala. 562.

he started to work in the mill up to the time he was injured, did anyone tell him what to do and what not to do in there; that they did not tell him to operate, or not to operate, any machine; that on the first afternoon of his employment, he off-beared, that is, he took finished material from one of the machines and stacked it in its proper place, and also took away the scrap pieces of lumber left at the machine in the process of manufacture and placed these in scrap piles; that on the day following his employment in the mill, he took some of these scraps and in the presence and sight of Mr. George Parsons, his superior in the mill, he made surveyor's stakes out of some of the scrap pieces of lumber by the use of a machine called a cut-off saw, which the testimony for the defendants tended to show was not a dangerous machine when operated as it should have been and as was explained to the plaintiff. Plaintiff's hours of employment were from 7:00 a. m. to 12:00 m., when the plaintiff had thirty minutes off for lunch, and then from 12:30 p. m. to 5:30 p. m. or ten hours per day. According to plaintiff's testimony on the last day he worked in said mill, he began cleaning up and stacking scrap lumber from one of the machines and while so doing he found a board about 10 inches long and 3 inches wide, as shown by actual measurement. He decided to make a surveyor's stake out of this piece of scrap and carried it to the cut-off saw and pointed it, and, deciding it was too wide for a surveyor's stake, he went to the machine designated as a joiner and which he testified he thought was a planer with the purpose to decrease its width by running it through that machine. He turned on the switch and when the machine got in motion he attempted to run the board through and got his hand caught which resulted in the amputation of portions of his middle and ring fingers and an injury to his little finger.

The testimony for the defendants tended to show that the plaintiff was warned by Mr. Edgil and by different employees of the defendants, who were superiors of the plaintiff, that the joiner was a dangerous machine and some of them went so far as to say that they told him not to attempt to use it, that it was too dangerous for any person unskilled in is operation to attempt

to operate. The plaintiff denied said instructions and warnings except he admitted that Mr. Edgil told him that the machines in the shop were dangerous. This meant all of the machines. But it is without dispute that the plaintiff was shown how to operate the cut-off saw and he worked at the ripper saw, and saw how that machine worked. So taking all of the testimony into consideration, this court is of the opinion that when the plaintiff made the five surveyor's stakes, in the presence of Mr. George Parsons, which he placed upon the stack or pile, and attempted to make the sixth stake, which if he had successfully reduced the width thereof, would have been suitable for air field use, that in these various efforts and undertakings, the employee was engaged at the time of his accident in an undertaking reasonably related to the service he was employed by the defendant to render and was in good faith undertaking to act in the furtherance of the defendants' business. There was, therefore, evidence directly sustaining the findings of the trial court, or of facts and circumstances from which the conclusions of the trial court might reasonably have been drawn.

It is further the opinion and judgment of this court, that the injuries received by the plaintiff in said employment are compensable under the Workmen's Compensation Act, supra, and that there was substantial evidence introduced upon the trial of the case in support of the conclusions reached by the trial court.

The petition for writ of certiorari is denied, and the judgment is affirmed.

Affirmed.