WESSEL, JOHN D„ Associate Judge.
Appellant, Sunrise Lakes Condominium Apartments, Phase III, Inc. 3, seeks reversal of an adverse summary final judgment allowing the appellees, Louis Hechtman and his wife, to maintain during their occupancy a washer and dryer in their condominium unit. Appellees cross appealed the trial court’s denial of an award of costs and attorney fees.
Appellant sought by complaint a mandatory injunction against the appellee unit-owners to remove a laundry washing machine and dryer from their unit installed in violation of the Declaration of Condominium. Appellees’ answer failed to raise the affirmative defenses of estoppel and waiver. Nonetheless, the trial court concluded that the appellant was estopped from requiring the removal of the washing machine and dryer. Estoppel must be specifically pled or it is considered waived. W.T. Rawleigh Co. v. Langford, 112 Fla. 487, 150 So. 592 (1933); Department of Revenue v. Hobbs, 368 So.2d 367 (Fla. 1st DCA 1979).
*273 Appellant further maintains that it was error for the trial court to deny its motion for summary final judgment. The trial court found that because both sides moved for summary judgment, there must not be any disputed issues of fact. Unfortunately, this is not the case. Disputed issues of fact may arise notwithstanding each side claiming entitlement to summary judgment. Daniel Laurent, Inc. v. Coral Television Corp., 431 So.2d 1047 (Fla. 3d DCA 1983). It is clear that numerous issues of disputed fact remain which would preclude summary final judgment for either side.
REVERSED and REMANDED.
ANSTEAD, C.J., and HURLEY, J., concur.