458 So.2d 50 (1984)
Kyra PHILLIPS and Wayne Phillips, Her Husband, Appellants,
v.
UNICARE AMELIA ISLAND, INC., and National Union Fire Ins. Company, Appellees.
No. AX-221.
District Court of Appeal of Florida, First District.
October 18, 1984.
Rehearing Denied November 2, 1984.
*51 Ned I. Price of Lewis & Price, Jacksonville, for appellants.
Daniel C. Shaughnessy of Coker, Myers & Schickel, Jacksonville, for appellees.
SHIVERS, Judge.
Kyra Phillips, plaintiff in the proceedings before the trial court, appeals the trial court's granting of defendant's motion for summary judgment. We affirm.
Plaintiff began work as a bookkeeper for the defendant/employer herein on July 1, 1981. On January 19, 1982, plaintiff wrote a letter to her supervisor advising him that she was resigning from her position. Plaintiff's resignation was to be effective January 29, 1982. On January 29, 1982, plaintiff discontinued her daily work for the employer. As of that date, wages were owed plaintiff.
On February 15, 1982, plaintiff went to pick up her last paycheck from the defendant. According to the unrebutted affidavit of plaintiff's supervisor, this was the first date available to plaintiff to pick up her paycheck due to the defendant's customary delay in the payment of its employees. Plaintiff was paid on a bi-weekly basis. While leaving the defendant's premises, plaintiff was injured when a handrail gave way.
On August 31, 1982, plaintiff filed a complaint against defendant for the negligent maintenance of its handrail. Subsequently, defendant filed an amended answer setting forth the affirmative defense that plaintiff's exclusive remedy is found in workers' compensation. Plaintiff responded by requiring strict proof thereof. Defendant thereafter moved for summary judgment.
In support of its motion, defendant attached, among other items, the above-mentioned *52 affidavit of plaintiff's supervisor. In opposition, plaintiff filed the affidavit of Marge Lehner, the claims representative for the employer/defendant's workers' compensation carrier, wherein Ms. Lehner opined that plaintiff was not an employee of defendant as of the date of her accident. Subsequently, after the hearing on summary judgment had been held, plaintiff filed two more affidavits. One affidavit contained as an attachment a letter from Blue Cross/Blue Shield, which letter states that as of January 31, 1982, this organization no longer considered plaintiff an employee of the defendant so as to render plaintiff eligible to receive health care benefits. The second affidavit contained the statement of Gregory Schott, the administrator of the Neurology Clinic where plaintiff was treated, that the employer/defendant's workers' compensation carrier had refused payment of plaintiff's medical bills on two occasions.
The trial court granted defendant's motion for summary judgment finding that plaintiff's exclusive remedy lies in the workers' compensation forum. The trial court summarily denied plaintiff's motion for rehearing. No mention is made in the trial court's order denying rehearing whether it considered the two affidavits mentioned above which were filed subsequent to the summary judgment hearing, but prior to the trial court's order on rehearing. We find that whether the trial court did or did not consider these affidavits is immaterial to our decision.
First, we reject plaintiff's argument that defendant waived or was estopped to assert that plaintiff's exclusive remedy is in the workers' compensation forum by failing to plead this defense until some ten months after plaintiff filed her complaint. We find that plaintiff failed to properly plead waiver or estoppel in avoidance of defendant's exclusivity defense by not asserting these matters until her motion for rehearing, as opposed to her reply. See Florida First National Bank at Pensacola v. Martin, 449 So.2d 861, 865 (Fla. 1st DCA 1984); Sunrise Lakes Condominium Apartments v. Hechtman, 446 So.2d 272 (Fla. 4th DCA 1984).
Second, we agree with the defendant that the status of an employment relationship can be determined as a matter of law. See Sosa v. Knight-Ridder Newspapers, Inc., 435 So.2d 821, 826 (Fla. 1983).
Third, and the crux of this appeal, we find and hold that plaintiff was an employee as of the date of her accident. See Slocum v. Coral Way Cafeteria, 3 FCR 147 (1958) (the Florida Industrial Commission holding the claimant's injury compensable where the claimant left her employment on December 28, 1956, and was injured while returning to her employer on January 7, 1957, for the specific purpose of obtaining the wages due her); 1A A. Larson, The Law of Workmen's Compensation, § 26.30 (Professor Larson stating that the contract of employment is not fully terminated until the employee is paid, and accordingly an employee is in the course of employment while collecting his pay, unless undue delay is shown). We find plaintiff's supervisor's unrebutted affidavit to the effect that this was the first date available to plaintiff to pick up her paycheck dispositive of this issue. This affidavit renders meaningless plaintiff's argument that a genuine issue of material fact exists, to be determined by the trier of fact, as to whether there was undue delay by plaintiff in picking up her paycheck. Necessarily, there was not an unreasonable period of delay on the part of plaintiff in picking up her paycheck if this was the first date available to plaintiff to do so pursuant to the defendant/employer's customary mode of payment.
We find that no material issues of fact were raised by the affidavits submitted by plaintiff in opposition to defendant's motion for summary judgment. These affidavits represent only opinion testimony of various individuals as to whether plaintiff was an employee as of the date of her accident. However, the issue of plaintiff's employment status was a matter of law to be resolved by the trial judge. We *53 find that the trial judge properly resolved this issue based on the unrefuted facts presented to him, in particular, the fact that the date of plaintiff's accident was the first opportunity to plaintiff to pick up her paycheck in accord with the employer/defendant's normal mode of payment. Accordingly, the summary judgment appealed from is AFFIRMED.
THOMPSON and ZEHMER, JJ., concur.