This is an appeal from granting defendant's motion for summary judgment in a workmen's compensation case.
Clara E. Moesch was employed by defendant for nine years as an office worker. It was the custom of the defendant to give its employees a ham or turkey for Christmas. On December 15, 1983, hams were given out and the employees picked them up at the office. Plaintiff's ham was either brought to her office or left in the kitchen adjoining the office. When plaintiff completed work on that day, at 4:30 P.M., she picked up her ham, which weighed about twenty pounds, and alleges she injured her back. The giving of hams was a gratuity from defendant to its employees for Christmas, not part of their salary, and there was no requirement that it be accepted, but apparently all employees accepted and participated in the good will gesture and custom of the defendant.
The defendant moved for summary judgment based on the plaintiff's claim of injury incurred after completion of her work day and that the handling and taking home of the ham was not part of her work duties and the injury did not arise out of and in the course of her employment. The trial court granted defendant's motion for summary judgment and plaintiff appeals.
In Alabama a motion for summary judgment may be granted only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56 (c), Alabama Rules of Civil Procedure; Houston v. McClure,425 So.2d 1114 (Ala. 1983). Defendant, as the party moving for summary judgment, has the burden to clearly show that plaintiff cannot recover under any discernible *Page 1272 
set of circumstances. Bryant v. Morley, 406 So.2d 394 (Ala. 1981). If there is a scintilla of evidence supporting plaintiff's position, entry of summary judgment is inappropriate and is due to be reversed. Legg v. Kelly,412 So.2d 1202 (Ala. 1982).
Whether the plaintiff can be compensated for her alleged injury depends upon whether she was injured by accident arising out of and in the course of her employment. § 25-5-31, Code of Alabama 1975. In construing words "arising out of and in the course of his employment" no all-embracing definition has yet been found. Every case involving these words should be decided upon its own particular facts and circumstances, and not by reference to some formula. The rational mind must be able to trace the resulting injury to a proximate cause set in motion by the employment and not by some other agency. CarrawayMethodist Hospital v. Pitts, 256 Ala. 665, 57 So.2d 96 (1952);Southern Cotton Oil Co. v. Bruce, 249 Ala. 675, 32 So.2d 666
(1947); Dean v. Stockham Pipe Fittings Co., 220 Ala. 25,123 So. 225 (1929).
The phrase, "in the course of his employment," refers to the time, place and circumstances under which the accident took place. "An injury to an employee arises in the course of his employment when it occurs within the period of his employment, at a place where he may reasonably be and while he is reasonably fulfilling the duties of his employment or engaged in doing something incident to it." Massey v. United StatesSteel Corporation, 264 Ala. 227, 86 So.2d 375 (1956). "Within the purview of such naturally related and incidental acts in the course of the employment is the movement of the employee in entering, at the appropriate time, the employer's premises to discharge his function, his preparation to begin and to terminate his actual service; and to leave the premises at an appropriate time after completion of his actual service." Exparte Louisville and Nashville R.R. Co., 208 Ala. 216,94 So. 289 (1922).
"The Workmen's Compensation Act was intended to serve a beneficent purpose, and should be liberally construed so as to effectuate its purpose and humane design." Wells v. Morris,33 Ala. App. 497, 35 So.2d 54 (1948). There have been many cases where the Act was extended to cover employees before or after their actual work hours, deviation from their duties and other circumstances. Some of them are: Ex parte Louisville Nashville R.R. Co., supra, (employee killed while trying to catch a train after work hours); Boris Construction Co. v.Haywood, 214 Ala. 162, 106 So. 799 (1925) (employee accidentally shot by small boy shooting at a bird); Benoit CoalMining Co. v. Moore, 215 Ala. 220, 109 So. 878 (1926) (employee killed by train going to his work area); Rockwood Alabama StoneCo. v. Lawler, 223 Ala. 336, 135 So. 569 (1931) (employee cut thumb off cutting fire wood for his convenience prior to work hours); Barnett v. Britling Cafeteria Co., 225 Ala. 462,143 So. 813 (1932) (employee slipped on icy sidewalk in front of employer's premises on way to work); Massey v. United StatesSteel Corporation, supra (aortic aneurysm resulting in death when employee took a cold shower after running to bathhouse after work hours); Lauderdale County Cooperative, Inc. v.Shook, 376 So.2d 199 (Ala.Civ.App. 1979) (employee killed working on Sunday when store was closed); Sun Papers, Inc. v.Jerrell, 411 So.2d 790 (Ala.Civ.App. 1981) (employee killed in automobile accident on way to work with company business effects in his automobile); Strother v. Morrison Cafeteria,383 So.2d 623 (Fla. 1980) (employee-cashier assaulted and robbed at home as assailants thought she carried money home from the business); Evans v. Food Fair Stores, Inc., 313 So.2d 663 (Fla. 1975) (employee struck by automobile he had started for fellow employee in company parking lot); Mid Central Tool Co. v.Industrial Commission, 72 Ill.2d 569, 21 Ill.Dec. 858,382 N.E.2d 222 (1978) (employee fell on ice leaving company Christmas party); Big "2" Engine Rebuilders v. Freeman,379 So.2d 888 (Miss. 1980) (route salesman stopped to assist a disabled motorist and was assaulted); Lingyak v. J.C. PennyCo., 89 A.D.2d 655, 453 N.Y.S.2d 264 *Page 1273 
(N.Y.A.D. 3 1982) (employee injured at company picnic).
In the instant case it was reasonably foreseeable by the defendant that the plaintiff would take the ham home with her. That obviously was the purpose for which it was given and a custom and practice each Christmas. The giving of hams to its employees promoted employer's interest in good relations with its employees. It would tend to boost morale of employees, which would be beneficial to defendant. Here the alleged injury occurred on the defendant's premises, only a few minutes after work hours, and within a few feet of her normal working area. Clearly, the employment caused the exposure to the risk and there is a causal connection between plaintiff's alleged injury and her employment, or incident to it.
There being a scintilla of evidence in support of plaintiff's position and the defendant failing to show it was entitled to a judgment as a matter of law, it was error to grant defendant's motion for summary judgment, and this case is due to be reversed.
REVERSED AND REMANDED.
WRIGHT, P.J., and BRADLEY, J., concur.
HOLMES, J., concurs in result only.