BETTY B. FORTNER, EMPLOYEE, PLAINTIFF v. J. K. HOLDING COMPANY, EMPLOYER, AND AMERICAN INSURANCE COMPANY, CARRIER, DEFENDANTS

No. 685A86

(Filed 2 June 1987)

1. **Appeal and Error § 45— Supreme Court briefs—incorporation of Court of Appeals arguments not allowed**

   Under the present Rules of Appellate Procedure, briefs filed in the Supreme Court may not incorporate by reference arguments contained in briefs before the Court of Appeals.

2. **Master and Servant § 55.4— workers' compensation—disposing of employer's plants—accident while hanging plants at home—injury not arising out of and in course of employment**

   Where plaintiff was instructed to pack up office materials and dispose of hanging plants in preparation for permanently closing the employer's office, plaintiff took the plants and their hanger to her home during working hours,

plaintiff climbed onto a chair and placed the hanger on a nail, and plaintiff decided the hanger was not level, climbed back onto the chair to straighten it, and fell and injured her hip, plaintiff's accident did not arise out of and in the course of her employment, even if plaintiff's taking of the plants to her home qualifies as a "special errand" or falls under the "dual purpose" doctrine and hanging the plants was a reasonable extension of disposing of them, since plaintiff's further action in attempting to insure that they would hang straight was of no benefit to her employer but was for her sole benefit.

APPEAL by plaintiff from the decision of a divided panel of the Court of Appeals, 83 N.C. App. 101, 349 S.E. 2d 296 (1986), affirming an opinion and award of the Industrial Commission denying plaintiff's claim for benefits. Heard in the Supreme Court 14 April 1987.

*Homesley, Jones, Gaines & Fields, by Edmund L. Gaines and Cliff W. Homesley, for plaintiff-appellant.*

*Hedrick, Eatman, Gardner & Kincheloe, by Thomas E. Williams, for defendant-appellees.*

FRYE, Justice.

The sole question on appeal before this Court is whether the plaintiff's accident arose out of and in the course of her employment. We hold that it did not, and accordingly affirm the decision of the Court of Appeals.

[1] Before turning to a consideration of this issue, however, we must first address one preliminary matter. In plaintiff's new brief filed with this Court, in place of a new argument, her attorney included a statement incorporating by reference into the new brief the argument contained in plaintiff's brief before the Court of Appeals. Defendant moved to dismiss plaintiff's appeal for failure to comply with N.C.R. App. P. 28. Plaintiff's attorney submitted a response explaining that he had relied upon the Commentary to Subdivision (d) of Rule 28, which states that that subdivision allows incorporation of argument by reference. The current N.C.R. App. P. 28(d), however, concerns appendices to briefs and makes no reference to incorporation by reference. The commentary refers to former subsection (d). A note appearing in the 1987 volume of rules published by the Michie Company (*Annotated Rules of North Carolina*) explains that former N.C.R. App. P. 28(d), permitting such incorporation of argument by reference,

was repealed in 1981, and incorporation by reference is no longer permitted. However, in the equivalent 1987 volume published by the West Publishing Company and used by the plaintiff, the note was somewhat garbled (*North Carolina Rules of Court*).[1] Deferring action on defendant's motion, the Court issued an order allowing plaintiff fifteen days within which to file an amended brief. Plaintiff complied with this order, and defendant has not been prejudiced thereby. Accordingly, defendant's motion to dismiss plaintiff's appeal is denied. However, we call to the attention of the Bar the fact that incorporation by reference of arguments contained in briefs before the Court of Appeals is not permitted under our present Rules of Appellate Procedure.

Plaintiff filed a claim for workers' compensation benefits as the result of an accident that occurred on 31 August 1984. The claim was denied by the deputy commissioner and again by the Full Commission, which adopted the deputy commissioner's opinion and award as its own. Commissioner Clay dissented. Plaintiff appealed to the Court of Appeals, which affirmed the Commission's decision, with a dissent by Judge Phillips. Plaintiff appealed to this Court.

The facts as found by the Commission show that on 31 August 1984, the date of the accident, plaintiff had been working for defendant employer for about five years. Defendant employer is owned by J. C. Kivett. Plaintiff worked for another company owned by Kivett before working for defendant. Kivett spent most of his time traveling on defendant employer's business, and plaintiff, who was the sole employee in the office, took care of the office. Her duties were varied and variable. *Inter alia*, she did necessary office work, picked up mail, went to the bank, purchased supplies, cleaned the office, took care of the hanging plants which decorated the office, and ran errands for Kivett. She was allowed a tank of gas per month as a travel allowance.

Sometime prior to 31 August 1984, Kivett decided to close the office and rent the building effective 1 September 1984. Because he was going to be out of town at the time, he instructed plaintiff to pack the office materials and move them to another

---

1. West Publishing Company has corrected this in its 1 March Supplement to the 1987 Volume.

location and to dispose of all the hanging plants except one that he wished to keep. These plants were grown from cuttings that Kivett had brought from home. They had been in the office for about five years. Kivett expected plaintiff to give the plants away or else to keep them. He knew that she would not choose to throw them away as the form of disposal.

On 31 August 1984, the last day the office was to be open, plaintiff put the plants and their hanger in her car and drove home. She intended to return to the office to finish packing and to vacuum. When she arrived at her home, she unloaded the plants and their hanger from her car and set them on the porch. She climbed onto a chair and hung the hanger on a nail that she had previously driven to hold the hanger. She stepped down, decided that the hanger was not level, and stepped back up onto the chair to straighten it. She fell and injured her hip. Neither party takes exception to the findings containing these basic facts; they are accordingly binding upon this Court on appeal. *Pollock v. Reeves Bros., Inc.*, 313 N.C. 287, 292, 328 S.E. 2d 282, 286 (1985).

[2] Plaintiff excepts only to the Commission's final finding, that the accident did not arise out of and in the course of her employment, and the Commission's conclusion of law to the same effect. As this Court has stated before on many occasions, " '[w]hether an injury arose out of and in the course of employment is a mixed question of law and fact, and where there is evidence to support the Commissioner's findings in this regard, we are bound by those findings.' " *Id.* quoting *Hoffman v. Truck Lines, Inc.*, 306 N.C. 502, 506, 293 S.E. 2d 807, 809-10 (1982), quoting *Barham v. Food World*, 300 N.C. 329, 331, 266 S.E. 2d 676, 678 (1980). If the detailed findings of fact compel a conclusion different from that reached by the Commission, it is the duty of the appellate courts to reverse the Commission. *Alford v. Chevrolet Co.*, 246 N.C. 214, 97 S.E. 2d 869 (1957). Far from compelling a conclusion different from that reached by the Commission, the detailed facts found by the Commission in the instant case support the finding that plaintiff's accident did not arise out of and in the course of her employment.

In order for an employee to be entitled to workers' compensation benefits for accidental injury, the employee must prove that the accident arose out of and in the course of the employment. N.C.G.S. § 97-2(6) (1985). The term "arising out of" refers to

the origin or cause of the accident, and the term "in the course of" refers to the time, place, and circumstances of the accident. *Hoyle v. Isenhour Brick and Tile Co.*, 306 N.C. 248, 293 S.E. 2d 196 (1982); *Cole v. Guilford County*, 259 N.C. 724, 131 S.E. 2d 308 (1963). An accident arises "in the course of" the employment when

> the injury occurs during the period of employment at a place where an employee's duties are calculated to take him, and under circumstances in which the employee is engaged in an activity which he is authorized to undertake and which is calculated to further directly or indirectly, the employer's business.

*Powers v. Lady's Funeral Home*, 306 N.C. 728, 730, 295 S.E. 2d 473, 475 (1982).

Plaintiff contends that the facts in her case meet these two requirements. She was specifically instructed to dispose of the plants. The method by which she did so was left up to her. Her employer was aware that she would not merely throw the plants away but would either give them away or keep them herself. The plants had to be disposed of on that particular day and the office cleaned. Plaintiff chose to dispose of the plants by taking them to her home. She contends that the manner in which she carried out her assigned task was not unreasonably dangerous, nor did it violate any rule of her employment. She argues that at the least she is protected under either the "special errand" doctrine, *see* 1 A. Larson, *The Law of Workmen's Compensation* § 16.10 (1985); *see also Powers v. Lady's Funeral Home*, 306 N.C. 728, 295 S.E. 2d 473, or by the "dual purpose" doctrine, *see Pollock v. Reeves Bros., Inc.*, 313 N.C. 287, 328 S.E. 2d 282.

Assuming, *arguendo*, that plaintiff is correct that her action in taking the plants to her home qualifies as a "special errand" or falls under the "dual purpose" doctrine, we hold that her accident is nonetheless not compensable. "Basically, whether plaintiff's claim is compensable turns upon whether the employee acts for the benefit of his employer to any appreciable extent or whether the employee acts solely for his own benefit or purpose . . . ." *Guest v. Iron & Metal Co.*, 241 N.C. 448, 452, 85 S.E. 2d 596, 600 (1955); *see also Pollock v. Reeves Bros., Inc.*, 313 N.C. 287, 328 S.E. 2d 282; *Hoffman v. Truck Lines, Inc.*, 306 N.C. 502, 293 S.E. 2d 807. When plaintiff's accident occurred, she had already de-

posited the plants at her home. She was then free to return to the office to finish packing and vacuum up any remaining debris, including plant debris. She chose instead to hang the plants. Even assuming that hanging them was a reasonable extension of the task of disposing of them, her further action in attempting to insure that they would hang straight, and thus appear aesthetically pleasing in their new position in her home, was of no conceivable benefit to her employer. Plaintiff at that point was acting solely for her own benefit. "Where an employee at the time of his injury is performing acts for his own benefit, and not connected with his employment, the injury does not arise out of his employment." *Lewis v. Tobacco Co.,* 260 N.C. 410, 412, 132 S.E. 2d 877, 880 (1963) (although cooking and chauffering for his supervisor on a hunting trip was one of deceased's duties, his act in going hunting with the supervisor's two sons was done exclusively for his own benefit); *see also Bell v. Dewey Brothers, Inc.,* 236 N.C. 280, 72 S.E. 2d 680 (1952) (plaintiff's act in washing his personal car while on the job, although with his employer's knowledge, was for his personal benefit and did not arise out of and in the course of his employment); *cf. Guest v. Iron & Metal Co.,* 241 N.C. 448, 85 S.E. 2d 596 (plaintiff's act in helping service station attendant who had agreed to give him free air for a tire for employer's vehicle was beneficial to the employer). Accordingly, the Commission did not err in finding that plaintiff's accident did not arise out of and in the course of her employment.

For the reasons stated in this opinion, the decision of the Court of Appeals is affirmed.

Affirmed.