This is a workmen's compensation case.
The trial court found that the two employees in this case were not entitled to workmen's compensation benefits.
The employees appeal. We affirm in part and reverse and remand in part.
Two issues are presented on appeal. The first one is whether Theoluster Pugh was an employee of the defendant. The second one is whether Nathaniel Oliver, who was stipulated to be an employee of the defendant, suffered an injury resulting from an accident in the course of his employment.
The trial court found that Pugh was not an employee and that Oliver was not injured from a work-related accident. It, therefore, held that neither was entitled to compensation benefits. We affirm as to the trial court's determination regarding Pugh and reverse and remand as to its determination regarding Oliver.
We note at the outset the well-settled law that our standard of review in workmen's compensation cases is a narrow one. Our inquiry is limited to questions of law and to an examination of the evidence to determine if there was any legal evidence to support the findings of the trial court; if such supportive evidence was before the trial court, an appellate court is required to affirm insofar as factual matters are concerned.Agan v. Union Foundry Co., 404 So.2d 71 (Ala.Civ.App. 1981). An appellate court may not review the weight of the evidence as considered by the trial court. Grumm v. Neptune Meter Co.,472 So.2d 1067 (Ala.Civ.App. 1985). Thus, where there is conflicting testimony, the factual determination of the trial court in a workmen's compensation case is conclusive.Washington v. Warrior Tractor Equipment Co., 487 So.2d 1371
(Ala.Civ.App. 1986).
We would also note, however, that these presumptions that the trial court's judgment is correct do not apply where the trial court has misapplied the applicable law to the facts as determined by that court. In such a case the judgment is due to be reversed and remanded. Foy v. Foy, 447 So.2d 158 (Ala. 1984).
Regarding the trial court's determination that Pugh was not an employee and thus not entitled to compensation benefits, our review of the record reveals that there is evidence to support that finding. Pugh's deposition statements to the effect that he was an employee were disputed by the deposition statements of the defendant in this case. Although the defendant had signed a written statement to the effect that Pugh was an employee, that statement was disputed by the defendant at its deposition. As indicated, such a dispute is for the trial court to settle, and its determination is presumed correct.
Moreover, our review of the record indicates that there was other sufficient evidence from which the trial court could have reached the conclusion that Pugh was not an employee, but, rather, was merely accompanying the other employees to the *Page 677 
worksite for the short time which he was told the remaining work would take. That is, there was evidence from which the trial court could have determined that, although Pugh was at the worksite, such was not pursuant to an employment relationship with the defendant.
Where there is any legal evidence or reasonable inference therefrom in support of the trial court's determination, we are required to affirm. Sun Papers, Inc. v. Jerrell, 411 So.2d 790
(Ala.Civ.App. 1981).
Thus, we find no reversible error as to the trial court's determination that Pugh was not entitled to workmen's compensation benefits since he was not an employee of the defendant.
We reach a different conclusion, however, as to the trial court's determination that Nathaniel Oliver was not injured in a work-related accident and thus not entitled to workmen's compensation benefits.
The trial court made the following findings regarding the facts leading to the accident in question:
 "Upon conclusion of their work day, Junior Oliver and Nathaniel Oliver, along with Theoluster Pugh and C.B. Graves, got into Junior Oliver's car to ride back to Old Blue's Stand. Theoluster Pugh was riding back to the store so he could meet up with Joe Lewis Rump and catch a ride back to Union Springs to watch a parade. Nathaniel Oliver was riding back to the store to get his week's pay and was then going to ride with Junior Oliver to the parade in Union Springs. On the way back to the store, an auto accident involving Junior Oliver's car took place for which Theoluster Pugh and Nathaniel Oliver claim workmen's compensation benefits."
(Emphasis supplied.)
The trial court reached the following legal conclusions from those facts:
 "The recognized and well-settled law in Alabama is that an employee is not subject to the workmen's compensation law while going to his work or returning to his home after having completed his day's work. The facts presented in this case do not give rise to an exception to this general rule as Charles Key did not furnish transportation to Nathaniel Oliver or Theoluster Pugh. Further, the facts and evidence do not show where Theoluster Pugh or Nathaniel Oliver performed any type of service for Charles Key or on his behalf while en route to Old Blue's Stand. It is this Court's finding and conclusion that the accident giving rise to these claims occurred while the Plaintiffs were `coming and going' and as such are not entitled to workmen's compensation benefits."
(Emphasis supplied.)
The issue as to Oliver, therefore, is whether his injury resulted from a work-related accident in that he was traveling to pick up his paycheck when the accident occurred. That is, was his trip to get his paycheck within the course of his employment such that he is entitled to workmen's compensation benefits for the injury he suffered as a result of that trip?
Professor Larson states that "an employee is in the course of employment while collecting his pay." 1A A. Larson, The Law ofWorkmen's Compensation § 26.30, at 5-301 (1985).
Although that principle was established in a case where an employee's job had been terminated, the rule has been applied consistently to situations where an employee is still employed and must go to a certain location to obtain his pay. In fact, Professor Larson states that the only "contra cases in this field are based on the same factor as those involving departure from the premises; undue delay." 1A A. Larson, § 26.30, at 5-304 and -306. There was no such delay in this case.
The defendant contends, however, that Oliver was on his way to a parade after work and that the defendant had agreed to pay him at a location that would facilitate that trip to the parade. We find no support for that proposition in the record and thus need not concern ourselves with whether the defendant's accommodation to Oliver results, as a matter of law, in the rule noted by Larson as not applying.
Our review of the record shows that the defendant said for Oliver and the others to go to the store in question where they *Page 678 
would be paid. Oliver followed those directions and was injured en route. We hold, as a matter of law, that the travel to receive one's pay under the facts of this case was in the course of Oliver's employment and that his injury resulted from a work-related accident.
This case, therefore, does not fall within the general rule that commuting to and from work is not covered by the workmen's compensation laws. See Barnett v. Britling Cafeteria Co.,225 Ala. 462, 143 So. 813 (1932). This is so since, when the accident occurred, Oliver was not returning directly home or to the parade, but to a spot where he was told that he would be paid. Such travel is properly understood to be within the course of one's employment as Larson points out. See alsoMoesch v. Baldwin City Electric Membership Corp.,479 So.2d 1271 (Ala.Civ.App. 1985).
Thus, based on the facts as found by the trial court and supported by the record in this case, the trial court should have concluded, as a matter of law, that Oliver was entitled to workmen's compensation benefits.
In conclusion we would note the following: Our examination of the record indicates that this workmen's compensation case was filed in the trial court in 1982. The case was not tried in the trial court until 1987.
While there may be some reasonable explanation for this apparent delay, such is not readily apparent to this court. Workmen's compensation cases, as other cases, should be disposed of in a just, speedy, and inexpensive manner.
As indicated, this case is, therefore, affirmed in part and reversed and remanded in part for proceedings not inconsistent with this opinion.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
BRADLEY, P.J., and INGRAM, J., concur.