Byrd v. George W. Kane, Inc.

RICHARD A. BYRD, PLAINTIFF v. GEORGE W. KANE, INCORPORATED, EMPLOYEE AND HARTFORD ACCIDENT & INDEMNITY COMPANY, CARRIER, DEFENDANTS

No. 8810IC256

(Filed 30 December 1988)

**Master and Servant § 55.6— workers' compensation—fired worker returning for paycheck—employment relationship in effect—accident arising out of but not in course of employment**

Where plaintiff was fired several hours prior to the accident and was on the jobsite for the sole purpose of obtaining his paycheck as he had been requested to do by the foreman, the employment relationship was still in effect, and the accident arose out of the employment. However, the accident did not arise in the course of the employment and plaintiff was therefore not entitled to workers' compensation benefits where plaintiff's only remaining duty was to return to his supervisor's trailer to pick up his paycheck; the supervisor was not there, so plaintiff went up on the roof in search of him; plaintiff then fell through the roof to the floor 17 feet below; and plaintiff's injuries did not occur at a place where his duties were calculated to take him and under circumstances in which plaintiff was performing duties he was authorized to undertake. N.C.G.S. § 97-2(6).

APPEAL by plaintiff from the Opinion and Award of the Industrial Commission filed 21 October 1987. Heard in the Court of Appeals 1 September 1988.

On 17 March 1986 plaintiff filed a workers' compensation claim with the North Carolina Industrial Commission for injuries received at his jobsite on 7 March 1986. On 6 October 1986, a Deputy Commissioner heard plaintiff's claim and denied the claim in an Opinion and Award filed 6 March 1987. The Deputy Commissioner held that plaintiff's accident did not arise out of or in the course of his employment. Plaintiff then appealed to the Full Commission which affirmed and adopted the Deputy Commissioner's Opinion and Award on 21 October 1987. From this Opinion and Award, plaintiff appeals.

*Charles R. Hassell, Jr., by Roger M. Cook, attorney for plaintiff-appellant.*

*Patterson, Dilthey, Clay, Cranfill, Sumner & Hartzog, by C. D. Taylor Pace, attorney for defendant-appellees.*

ORR, Judge.

The evidence presented tends to establish that plaintiff was employed by defendant as a carpenter for several months until 7 March 1986, the date of his accident. Plaintiff worked at a jobsite known as CP&L Corporate Data Center in Raleigh, North Carolina, where for several weeks prior to his accident he worked on the roof of the building. On the roof were unfinished air-conditioning vents ("risers"), approximately three-feet-square metal boxes, 18-24 inches high. The risers opened to a concrete floor approximately 17 feet below. Prior to 7 March 1986, plaintiff nailed a sheet of plywood inside one of the risers to assist him in sawing boards.

On Wednesday afternoon, 5 March 1986 and Thursday, 6 March 1986, plaintiff did not work for defendant at the jobsite because he was applying for work with another employer. On both days, plaintiff notified his employer he would not be there. Plaintiff obtained another job to begin the following Monday. He returned to work on Friday and was fired by his supervisor, Jack Moore, who told plaintiff he was fired because of his recent lack of dependability. Moore asked plaintiff to return after 1:00 p.m. that same day to pick up his paycheck.

Plaintiff returned to the jobsite at approximately 1:30 p.m. He first went to Moore's trailer. Plaintiff testified on cross-examination that he normally received his paycheck at the trailer. Neither Moore nor his secretary was there. Plaintiff then checked another trailer and asked several brickmasons where Moore was and was told that they had seen him climbing the ladder to the roof. Plaintiff could not see who was on the roof so he, too, went up on the roof.

In an effort to find Moore, plaintiff decided to go over the riser where he had previously worked. He saw a piece of sheetrock and plywood which he believed was the same plywood he had previously nailed into the riser. In fact, the plywood plaintiff nailed to the riser had been removed. When plaintiff stepped onto the sheetrock on the riser, the sheetrock collapsed and plaintiff fell 17 feet to the concrete floor below. Plaintiff suffered substantial injuries from the impact.

Although the accident occurred on the employer's premises, the Deputy Commissioner found as fact that an employment rela-

tionship did not exist between plaintiff and defendant at the time of the accident. The Deputy Commissioner's findings were based on the determination that plaintiff was fired several hours prior to the accident; he was on the jobsite for the sole purpose of obtaining his paycheck; and plaintiff was not at a place where he had any duty to be and was not performing any benefit to his employer. The Deputy Commissioner then concluded as a matter of law that plaintiff's injuries did not arise out of or occur in the course of his employment by defendant. Therefore, plaintiff was not entitled to benefits under the Workers' Compensation Act, and the Industrial Commission had no jurisdiction over his claim under G.S. 97-2(6) and *Poteete v. North State Pyrophyllite Co.*, 240 N.C. 561, 82 S.E. 2d 693 (1954).

I.

The test as set out in G.S. 97-2(6) states that benefits under the Workers' Compensation Act are payable due to "injury by accident arising out of and in the course of the employment . . . ." The principal issue in this case is whether plaintiff met this standard.

There are no North Carolina cases addressing the situation where an employee has been terminated and is injured when he returns to the job to collect his pay. There are North Carolina cases, however, where employees were injured on their way out of the employer's office after their employment was terminated.

In *Daniels v. Swofford*, 55 N.C. App. 555, 286 S.E. 2d 582 (1982), a woman was assaulted by her employer as she left his office after tendering her resignation. This Court held that she was eligible for workers' compensation benefits. In *McCune v. Manufacturing Co.*, 217 N.C. 351, 8 S.E. 2d 219 (1940), the plaintiff was fired by his foreman who immediately thereafter assaulted him. Our Supreme Court concluded that the trial court correctly found that the Industrial Commission had jurisdiction of the matter under the Workers' Compensation Act.

In his treatise on workmen's compensation, Professor Larson directly addresses the issue of whether or not an employment relationship continues to exist when an employee returns to the employer's premises to collect pay after termination. Professor Larson states:

The contract of employment is not fully terminated until the employee is paid, and accordingly an employee is in the course of employment while collecting his pay. This rule was laid down in an early English case in support of an award to an employee who, discharged on Wednesday, had returned on Friday, the regular pay-day, and was then injured. [Footnote omitted.]

1 A. Larson, *Workmen's Compensation*, sec. 2630 at 5-301 (1985).

In the case at bar, the plaintiff's foreman, after discharging the plaintiff, told him to return to the construction site after 1:00 p.m. that same day to get his paycheck. Plaintiff complied with the foreman's request.

Based upon *Daniels* and *McCune* and the particular facts of this case, we conclude that for purposes of coverage by the Workers' Compensation Act in the case *sub judice*, the employment relationship was still in effect when plaintiff returned to the job-site around 1:30 to pick up his paycheck.

II.

We next address whether the accident which occurred when the plaintiff went to pick up his check arose out of and occurred in the course of his employment.

In order for an employee to be entitled to workers' compensation benefits for accidental injury, the employee must prove that the accident arose out of and in the course of the employment. N.C.G.S. [section] 97-2(6) (1985). The term 'arising out of' refers to the origin or cause of the accident, and the term 'in the course of' refers to the time, place, and circumstances of the accident. *Hoyle v. Isenhour Brick and Tile Co.*, 306 N.C. 248, 293 S.E. 2d 196 (1982); *Cole v. Guilford County*, 259 N.C. 724, 131 S.E. 2d 308 (1963). An accident arises 'in the course of' the employment when 'the injury occurs during the period of employment at a place where an employee's duties are calculated to take him, and under circumstances in which the employee is engaged in an activity which he is authorized to undertake and which is calculated to further directly or indirectly, the employer's business.'

*Fortner v. J. K. Holding Co.,* 319 N.C. 640, 643-44, 357 S.E. 2d 167, 169 (1987), *quoting Powers v. Lady's Funeral Home,* 306 N.C. 728, 730, 295 S.E. 2d 473, 475 (1982).

Applying this law to the facts of the case, we conclude that the plaintiff's return to the workplace, as directed by his supervisor, for the purpose of obtaining his paycheck, arose out of the employment relationship.

However, we further conclude that based upon the test set forth in *Fortner* and *Powers,* this accident did not arise *in the course of* the employment. Plaintiff's injuries did not occur at a place where his duties were calculated to take him and under circumstances in which plaintiff was performing duties he was authorized to undertake. Plaintiff's only remaining duty was to return to his supervisor's trailer to pick up his paycheck. Plaintiff's injuries, as a result of his decision to go off in search of his supervisor with the resulting fall through the roof, did not occur in the course of his employment.

We therefore affirm the determination by the Industrial Commission denying plaintiff's claim for lack of jurisdiction.

Affirmed.

Judges EAGLES and SMITH concur.