Teresa Cauthorn, K. David Roberts, Oklahoma City, for petitioner.

David L. Medford, Oklahoma City, for respondents.

**ST. ANTHONY HOSPITAL, Petitioner,**

v.

**Vera JAMES, and The Workers' Compensation Court, Respondents.**

**No. 83814.**

Court of Appeals of Oklahoma, Division No. 1.

Dec. 20, 1994.

## *MEMORANDUM OPINION*

CARL B. JONES, Judge:

Petitioner, St. Anthony Hospital, brings this review proceeding from an award of temporary total disability and medical benefits awarded the Claimant, Vera James, by a trial judge of the Worker's Compensation Court. At the time of the injury, Claimant was employed as a licensed practical nurse. Claimant's injury was the result of a slip and fall incident at the entrance to the hospital, which fractured the head of her left radial bone, (left elbow). The injury occurred on her day off work. She had returned to the workplace to pick up her paycheck and accomplish other errands. After falling down, she took some flowers to a patient and picked up her check before she sought medical treatment at the employer's facility.

Petitioner filed a motion to dismiss on the ground that the injury, which occurred on the employer's premises, did not arise out of or in the course of employment. This motion was overruled and the allegation in this court is in a similar vein, that is, the act of returning to the employer's premises to receive a salary check is not an act arising out of and in the course of employment. Overruling this motion to dismiss is assigned as error in the petition in error and brief, as well as error in finding there was a causal connection between the act engaged in at the time of the injury, and the employment requirements. These two errors present the same issues for purposes of this appeal: That is, did the trial judge err in determining the injury arose out of and in the course of employment so as to be covered by the compensation act?

Petitioner argues that under Oklahoma law an on-the-premises injury does not arise out of employment when it occurs while the employee is on a mission in furtherance of a private purpose. *Thomas v. Keith Hensel Optical Labs*, 653 P.2d 201 (Okla.1982). Also it is submitted this injury cannot have arisen in the course of employment. It is stated that this cause does not fulfill the requirement that the act leading to the compensable injury, occurring in the course of employment, must occur within the period of employment at a place where the worker reasonably may be, and while he is fulfilling a duty of his employment or something incidental thereto. *Smith's Estate v. Hearon*, 424 P.2d 970 (Okla.1967). These cases state general principles of law which are applicable. Respondent asserts there is specific authority from this jurisdiction, and others, which hold that an injury on the premises during the specific act of returning to the place of employment to acquire a wage check is deemed to have arisen out of and in the course of employment. *Solo Cup v. Pate*, 528 P.2d 300 (Okla.1974). This case notes the employer held claimant's paycheck until she returned uniforms after terminating her employment. There the trip was required by the employer, and thus does not present the exact scenario as we are faced with. Here, the employee had alternate means to receive her pay. According to the record, she could have utilized direct deposit or she could have picked up the check a day later, when she was working.

These types of cases have been considered from two perspectives. On one hand the issue has been determined to be, or not to be, cognizable in compensation court and then there are instances where the case has been held to be, or not to be, maintainable in a court of general jurisdiction as a premises liability action. A non-exhaustive search discloses when the action is brought as a common law tort action, the preponderance of the instances result in a finding that the exclusive remedy is in a compensation forum. Representative of these are: *Ventura v. Albertson's*, 856 P.2d 35 (Colo.App.1993); *Brooks v. Wal–Mart Stores*, 783 S.W.2d 509 (Mo.App.1990); *Glory v. Zuppardo's Economical Supermarket, Inc.*, 532 So.2d 933 (La.App.1988); *Jones v. Jay Truck Driver Training Center, Inc.*, 736 S.W.2d 468 (Mo. App.1987); *Phillips v. Unicare Amelia Island, Inc.*, 458 So.2d 50 (Fla.App.1984). Cases where compensation jurisdiction is denied frequently involve additional factors which negate the necessary, arising out of, or in the course of requirement, such as a fight causing the injury, *Peterson v. Williams*, 175 So.2d 364 (La.App.1965), or other circumstances which take the case from the employment sphere, such as becoming a store customer after picking up the check, *Zarka v. Burger King*, 206 Mich.App. 409, 522 N.W.2d 650 (Mich.Ct.App.1994).

Cases where the compensability issue is tried in the forum of a compensation tribunal have also reached differing results. Some of these cases determine collecting pay is covered under the act and indicate the importance of other facts on the determination. See, *Farris v. Huston Barger Masonry, Inc.*, 780 S.W.2d 611 (Ky.1989), injury occurred while in carpool transport by foreman to designated location to receive pay; *Oliver v. Faulkner Wood Co.*, 531 So.2d 675 (Ala.Civ. App.1988), employee enroute to spot where

he was directed for pay by employer; *INA of Texas v. Bryant,* 686 S.W.2d 614 (Tx.1985), employee was (or believed he was) directed to return after termination; *Johnson v. Toro Co.,* 331 N.W.2d 243 (Minn.1983), employee expressly directed to return during leave; *Texas General Indemnity Co. v. Luce,* 491 S.W.2d 767 (Tx.Civ.App.1973 writ ref. n.r.e.), employee required to return for pay during leave.

Another group of cases afford coverage without noting the existence of employer involvement in the circumstances or decision requiring the need for the trip to acquire payment. In that respect, the trip considered here was taken at the desire of the employee. These cases are more analogous to the instant action. See, *L.E.L. Construction v. Goode and Crested Butte Metropolitan District,* 849 P.2d 876, 40 Soc.Sec.Rep. Ser. 621 (Colo.App.1992), employee wanted check early for vacation, reversed on issue of social security offset by *L.E.L. Const. v. Goode,* 867 P.2d 875 (Colo., 1994); *Dunlap v. Clinton Valley Center,* 169 Mich.App. 354, 425 N.W.2d 553 (Mich.App.1988), coverage is provided by the act when worker is at his place of employment to pick up his check because being paid for work is part of worker's duties; *Martinez v. Stoller,* 96 N.M. 571, 632 P.2d 1209 (N.M.App.1981), employee, on his day off, coming to employer's premises by custom or requirement to be paid, is injured in the course of employment; *M–K Rivers v. Schleifman,* 599 P.2d 132 (Alaska 1979), traveling from work site to cash check incidental to employment and is covered. Cases denying coverage under the act include: *Toyota of Pensacola v. Maines,* 558 So.2d 1072 (Fl. Dist.App.1990), injury off employer's premises to cash check even with permission not compensable; *McCoy v. Texas Employers Insurance Assn.,* 791 S.W.2d 347 (Tex.App. 1990), injury on premises when sole purpose for presence is receipt of check before work, where alternate means exist injury not covered, dissent notes contra result in result in *Luce,* and *Bryant* (Texas Supreme Court) both *Supra; Byrd v. Kane, Inc.,* 92 N.C.App. 490, 374 S.E.2d 480 (1988), injury arose out of employment but not in course because of deviation; *Hinkle v. Worker's Compensation Appeals Bd.,* 175 Cal.App.3d 587, 221 Cal. Rptr. 40 (1985), injury off-premises on a trip to deposit check purely for the benefit of employee; *Evans v. Marko Planning, Inc.,* 447 So.2d 130 (Miss.1984), going to work rule applies to off-premises auto wreck during trip to pick up check on day off.

After surveying the resolution of this issue, it becomes clear the authority in the area is diverse, if not splintered. The inquiry is: Did the injury arise out of employment and in the course thereof? This coverage analysis is made, and is limited to, the following factual basis: Employee has returned to Employer's premises to obtain pay at a time other than work hours, and her presence at that time is not against the law or contrary to employer rules. While on the premises, the injury occurs before a substantial deviation from that purpose. Under such circumstances, the injury is covered by the act. The injury arises out of the employment relationship because being paid is a major benchmark of the employee-employer relationship. Additionally, the injury occurs in the course of employment if there is at least a custom of receiving pay in that manner with at least the tacit approval of the employer. The often quoted rule from Larson's Workmen's Compensation Law at 1A § 26.30 p. 5–330, that an employee is in the course of employment while collecting his pay, arose in instances where the employee has been terminated; the rule is preceded by the statement that the contract of employment is not fully terminated until the employee is paid. Where the employee is still under employment and is appearing at an appropriate place to be paid the rule seems even more applicable. Here, the record shows that employees were in the habit of receiving pay in this manner, and thus it follows that the trial judge correctly found the accident to have occurred during covered employment.

SUSTAINED.

HANSEN, P.J., and JOPLIN, J., concur.